Wilson and others *v.* The State.

------

## WILSON AND OTHERS *vs.* THE STATE.

The offence of burglariously breaking and entering a shop, store and warehouse, with intent to steal, (Rev. Stat., tit. iv., chap. 4, § 39,) is complete, without an actual larceny. The latter, if committed, is a distinct offence, although the theft ensued upon the breaking.

It follows, that a conviction for such larceny is not pleadable in bar against a subsequent prosecution for the breaking.

Generally, to constitute a legal identity between two offences, so as to make an acquittal, or conviction of one, an available defence against a prosecution for the other, it is necessary that the averments of the second information should be such, that, if proved, they would have warranted a conviction under the first.

Although there is a strong current of American authorities in favor of so modifying the foregoing rule as to treat a conviction for a lesser offence, which is an ingredient of a greater crime, as a bar to a subsequent prosecution for the greater, this doctrine, if it exists, is inapplicable to the offences of theft and burglary, under the Connecticut statute.

Whether, if the second information should charge a burglary and larceny, an acquittal, in a former prosecution, for the larceny only, would be a defence. Qu.?

The same rules govern cases of former acquittals, and former convictions.
A banking-house is a store, shop or warehouse, within the meaning of the statute above mentioned.

THIS was an information brought to the county court for Windham county, by the attorney for the state, against Henry J. Wilson, John Scott, and Peter M. Crandall, and was substantially as follows:

"On the seventeenth day of November, A. D. 1854, at about the hour of ten o'clock in the night-season of the same day, the defendants, with force and arms, at Windham, in said Windham county, the shop, store and warehouse (being one and the same building) of ' The President, Directors and Company of the Windham Bank,' a body politic and corporate, legally incorporated by the legislature of this state, and located and doing business at said Windham, then and there situate, and wherein goods, wares and merchandise were then and there deposited, the proper goods, chattels and estate of the said company of The ' President, Directors and Company of the Windham Bank,' feloniously and burglariously did break and enter, with intent the said goods, wares and merchandise of the said company of ' The President, Directors and Company of the Windham Bank,' then and there deposited in said shop, store and warehouse, feloniously and burglariously to steal, take and carry away, against the peace and contrary to the form of the statute-laws of this state," &c.

To this information, the defendants pleaded in bar, that heretofore, at the same term of said county court, an information for larceny was presented, charging them with stealing the same property which in said information they were charged with having an intent feloniously to steal; that on the plea of not guilty, they were tried, found guilty, and judgment was rendered against them accordingly: that said information for larceny was for the same offence as that charged in the present information, and that the offence charged in the present information, was merged in the offence charged in said information for larceny.

The plea in bar upon a demurrer, was held to be insufficient, and a trial then had upon the plea of not guilty.

The jury having returned a verdict of guilty, the defendants filed a bill of exceptions, and brought their writ of error to the superior court, which was there reserved for the advice of this court.

*Foster, Wait,* and *J. H. Carpenter.*

1. Burglary is a complex crime, compounded of an overt act done, and an intent to do another act not done. The overt act is the breach and entry of the building; and this is coupled with the intent to steal. The criminal character of the offence does not consist in the breaking and entering, but in the intent to steal. The breaking and entering, independent of the intent to steal, would be a trespass only.

2. The accused plead *autrefois convict,* and the record shows a conviction for stealing the same property, which they were subsequently prosecuted for having broken and entered with intent to steal; and the same and the entire evidence, that had been offered in the one case, was the evidence offered in the other case. The plea of former conviction, depends upon the principle that no man shall be more than once put in peril for the same offence. 4 Black. Com., 336. 1 Chit. Crim. Law, 462. Now the rule of law is settled in this state, that a conviction of a crime is a bar to a prosecution for an intent to commit the same crime. *State* v. *Shepard,* 7 Conn. R., 54. The accused were first convicted of stealing the bills of the bank, and then, upon the same testimony, convicted of breaking and entering the banking-house, with intent to steal the same bills. These men were, in fact, twice tried, and twice convicted, for one offence.

3. Crimes are indivisible, and men can not be convicted and punished for two distinct felonies, growing out of the same identical act, when one is a necessary ingredient of the other, and the state has selected and prosecuted one to conviction. *State* v. *Shepard,* 7 Conn. R., 54. *State* v.

*Benham,* 7 Conn. R., 44. *State* v. *Parmelee,* 9 Conn. R., 259. *State* v. *Cooper,* 1 Greenl. R., 361. *People* v. *M'Gowan,* 17 Wend., 386. The larceny for which the accused were first convicted, being an essential part of the burglary for which they were subsequently convicted, and supported by the same evidence, a conviction for the former crime is a bar to a prosecution for the latter; the inferior offence being merged in the greater. In this case, the same fact of stealing is essential as in the former case, and equally the subject of enquiry. The practical construction given to our statutes, punishing larceny and burglary, on which these prosecutions were based, does away with the idea that the law makers intended a double punishment.

4. A banking-house is not a shop, store or warehouse, within the meaning of the statute. These are all buildings, distinct from each other, with appropriate names, that are well understood. Webster's Dictionary. *Booth* v. *The State,* 18 Conn. R., 439–40. *Rawson* v. *The State,* 19 Conn. R., 292. Penal statutes should be construed strictly, and not extended to every offence, which, in the opinion of the court, comes within their meaning, without regard to their letter. 1 Sw. Dig., 12. *Daggett* v. *The State,* 4 Conn. R., 60. *Booth* v. *The State,* 4 Conn. R., 65. *State* v. *Bailey,* 10 Conn. R., 144. *State* v. *M'Gowan,* 20 Conn. R., 245.

The legislature, when they enacted a statute in 1853, punishing the attempt to break and enter a shop, store, outhouse and warehouse, also embraced "banking-house;" showing truly that they did not consider a banking-house embraced in the term store, shop or warehouse. Stat. Conn., Ed. 1854, 312. *State* v. *Carrier,* 5 Day R., 131. *State* v. *Bailey,* 10 Conn. R., 144.

*E. Carpenter* and *Burnham,* for the defendants in error.

1. The great principle which lies at the foundation of the pleas, *autrefois acquit* and *autrefois convict,* is that no person

shall be placed in peril of legal penalties, more than once for the same offence.

2. The true test by which the question may be tried, whether the offence charged in the second information is the same as that charged in the first, is whether the evidence, necessary to support the second, would have been sufficient to produce a legal conviction on the first. Archbold's Pl. & Ev., 82. 2 Sw. Dig., 400. 1 Russell on Crimes, 829. *Et Seq.* Roscoe Crim. Ev., 332. 2 Leach 708. 4 Pick., 496.

3. It is manifest that the evidence necessary to support the charge of breaking in, with intent to steal, would fall far short of proving an actual theft; and so the evidence to prove the charge of theft, would be insufficient to prove the breaking in with intent to steal. Either offence might have been committed and not the other; the one has no necessary connection with the other, the one is no part of the other. It does not follow, because both offences were committed on the same night, at the same place, and for the same ultimate purpose, that they are therefore but one and the same offence.

4. Neither can it be claimed, with any more reason, that the former charge of theft includes this latter offence of breaking, &c., as murder includes manslaughter, robbery, theft, rape, an attempt to commit rape, &c. 7 Conn. R., 54. 2 Sw. Dig., 481. Nor can it be claimed that, upon the former information for theft, the prisoners could have been convicted of the breaking, &c., as one may be convicted of manslaughter on an indictment for murder, or of theft on an information for robbery, or of an attempt to commit a rape, upon an indictment for a rape, and so are exposed to conviction a second time for the same offence.

An acquittal of burglary will not be a bar to a subsequent prosecution for theft. 2 Sw. Dig., 401. Arch. Pl. & Ev., 82. Neither would a conviction of burglary be a bar to a subsequent prosecution for theft, the same rules applying to both pleas. 2 Sw. Dig., 401. Arch. Pl. & Ev., 86. And on the

same reasoning, a conviction, or acquittal, of theft would not bar a prosecution for burglary. 2 Sw. Dig., 401.

5. A banking-house, wherein the goods and effects of the banking-company are deposited, and where they do their business, is a store, shop or workhouse, within the meaning of the statute, on which the information is founded. 5 Day R., 131.

Storrs, J. The information in this case is founded upon a statute of this state, (Stat., 1854, p. 812,) which makes it a crime to break and enter, in the night-season, the store, shop or warehouse of another, wherein goods, wares or merchandise are deposited, with intent to commit theft, or any crime punishable by imprisonment in the Connecticut state prison. The accused is charged with breaking, with this criminal purpose, into a certain banking-house, farther described as the store, shop and warehouse of the president, directors and company of the Windham Bank. The defendants' plea avers, in effect, that they have been already convicted of stealing the property, which they are now accused of designing to steal when they committed the act of criminal breaking. There is no allegation, that this theft ensued immediately upon the breach of the premises; but as no objection has been taken to the form of the plea, and as it was the manifest purpose of the defendant to represent the breaking and larceny as one transaction, we shall treat the plea as sufficient in that respect. To this plea there is a demurrer; and the first and most important question is, whether the conviction for theft is a bar to a prosecution for the criminal breaking, which preceded the theft.

The right of pleading a former conviction, or former acquittal, of the same crime, (for in both cases the same rules govern,) rests upon the important common law maxim of criminal jurisprudence, that no person shall be put in jeopardy, that is to say, tried, more than once for the same offence. This principle we do not mean to impair. But it

is our manifest duty so to apply it, as not to create an immunity in cases of crime, which do not constitute, either in whole or in part, the offences for which the criminal has once been exposed to punishment.   Such a defence should never be available, unless it appears from the averments in the plea, that the offence for which the accused has before been tried and that for which he is afterward prosecuted, are really the same.   A uniform doctrine on this point has prevailed, wherever it has been discussed.

Blackstone, (4 Comm., 336,) emphatically says:  " It is to be observed, that the pleas of *autrefois acquit* and *autrefois convict*, must be upon a prosecution for the same identical act and crime."

In the case of *Commonwealth* v. *Roby*, (12 Pick. R., 502, 503,) chief justice Shaw states the rule with more detail. " This plea of former acquittal, must depend upon facts, so combined and charged, as to constitute the same legal offence or crime. * * * There may be a great similarity in the facts, where there is a substantial legal difference in the nature of the crimes. * * * In considering the identity of the offence, it must appear by the plea, that the offence charged, in both cases, was the same in law and in fact.   The plea will be vicious, if the offences charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact."

It is scarcely necessary to state, that the former charge against the accused need not have been framed in the same language, and form of allegation, as the pending information, in order to entitle the defendant to plead it.   Variations of formal, circumstantial and immaterial averments, do not alter the substance of the charge, and ought not to deprive the accused of the benefit of his previous trial.   If one were indicted for a murder committed on a certain day, and acquitted, he could not be successfully prosecuted for the same murder, charged on a different day.   The averment of time is formal merely, and is not an element in the crime of which

the accused has once been acquitted. 1 Chitt. Cr. Law, 453. 2 Hale, P. C., 179. Dyer, 285. 2 Hawk. ch. 35, 83.

Another application of the general rule is obviously just. If the offence, for which the defendant has formerly been tried, so embraced and included the offence charged in the second prosecution, that the defendant might have been convicted of the latter on the first trial, the former trial ought to be a defence; for the charge subsequently made should have been, or perhaps was, included in the first indictment. If a person, acquitted of murder, should afterward be indicted for manslaughter of the individual on whom the homicide was committed, he might truly say, that he had once been in jeopardy with respect to that very matter, and might have been convicted of the manslaughter on his former trial, and ought not now to be tried for that offence.

A test has been recognized in England, and in most of the United States, by which the availability of a former acquittal, or conviction, should be definitively determined. It is expressed by East, in his Crim. Law, p. 522, and is substantially this. Unless the former indictment was such that the prisoner might have been convicted under it, by proof of the facts set up in the second indictment, an acquittal on the first indictment can be no bar to the second. See *Rex* v. *Vandercomb*, 2 Leach, 816. In a modern case, *Rex* v. *Taylor*, 3 B. & C., 502, it is held, that a former acquittal is no bar to a subsequent prosecution, unless the facts charged in the second indictment would have warranted, if proved, a conviction under the first. This rule we believe prevails in this country, with a modification, which, as will hereafter appear, does not aid the present defendant. It remains, therefore, for us to apply this test to the case under review.

And on this point, it is enough to say, that the facts set up in the pending information, to wit, that the prisoner broke into a certain banking-house with intent to steal, would not, if proved, warrant a conviction for a larceny of property in the banking-house.

But again. It will be seen that there is a difference in the two offences charged in the two informations against the prisoner, founded in the very nature and essence of the offences themselves. Theft is a common law crime, and its definition is well understood. Breaking a shop with intent to steal, is a statute offence only, and the act thus made criminal, is the act of breaking ; its criminality depending, as in all cases, upon the intent with which it is done, and which, in the present instance, must be a specific intent to steal. The offence is complete, whether the theft is consummated or not. It need not be consummated at all; may be forcibly prevented ; the purpose to steal may be abandoned, and still the prisoner may have done every act necessary to constitute the crime prohibited by this statute. Undoubtedly, proof of a theft actually committed, would be the very highest evidence of the specific intent which is an element in the crime, the intent to steal, but it is not necessary even for that purpose. The intent may sufficiently appear from other circumstances. Certainly, if theft is not even a constituent element of the statute offence, the accused, in the present case, can not be said, by a conviction for larceny, to have been in jeopardy on a charge of breaking with intent to steal. If he had committed an assault and battery after making his felonious entry into the banking-house, he might, with equal propriety, set up a conviction for that misdemeanor as a sufficient defence to the present prosecution for the criminal breaking.

It will be found, that these views are amply sustained by the authorities : for the authorities relating to the common law offence of burglary are exactly applicable here; the difference between that crime and the similar class of offences prohibited by our statute being simply, that the latter includes the breaking of shops, stores, &c., as well as dwelling-houses, and limit the criminal intent required, to that of a purpose to steal, or to commit some state's prison offence, instead of permitting the intent to commit any kind of felony to determine the quality of the act prohibited.

Russell, in his treatise on crimes, vol. i., p. 827, in speaking of the intent necessary to constitute a burglarious breaking, says, that it must be expressly alleged and proved, " either that the party committed a felony in the dwelling-house, or that he broke and entered the house with intent to commit a felony therein." So complete is either of these offences by itself, and so distinct from the other, that it was decided by all the judges of England, in 1796, that a prisoner indicted for burglary, in breaking and entering a dwelling-house, with intent to steal, could not plead in bar an acquittal upon an indictment for the same burglary which charged a breaking and entering the same dwelling-house and stealing there. *Rex* v. *Vandercomb*, 2 Leach, 708. " If," said Mr. Justice Buller, in delivering the opinion of the court, " crimes are so distinct, that evidence of one will not support the other, it is as inconsistent with reason as it is repugnant to the rules of law, to say that they are so far the same that an acquittal of the one shall be a bar to a prosecution for the other." Without expressing any opinion of the particular result arrived at in this case, we assume it to be obvious, that the court went much farther than it is necessary for us to go in the present cause ; for in that instance, one important element of the two offences charged in the two indictments, was common to both, to wit, the breaking.

In Wharton's Criminal Law, p. 196, the rule is thus laid down. " If the first indictment were for a burglary, with intent to commit a larceny, and did not charge an actual larceny, an acquittal on it would not be a bar to a subsequent indictment for the larceny ; because the defendant could not have been convicted of the larceny on the first indictment." This is the converse of the proposition now affirmed by us, but the reason on which it rests, applies with equal force to the pending case.

In *Hite* v. *The State*, 9 Yerger, 357, the supreme court of Tennessee decided, that an acquittal for stealing a bank-note of the Planter's Bank of Tennessee, payable on demand at

the Merchants' and Traders' Bank, was not a bar to a subsequent prosecution for stealing a bank-note of the Planters' Bank of Tennessee, payable on demand at the Mechanics' and Traders' Bank. In their opinion, the court confirm nearly all the general principles to which we have adverted, and approve the language of Judge Buller, as above quoted.

Chitty, in his Criminal Law, p. 453, adopts the same language, as a settled doctrine of the law of England. And Chief Justice Shaw, in the opinion already alluded to, 12 Pick., 504, expresses the opinion that Judge Buller's rule is not only perfectly reasonable and just, " but is well calculated to give effect to the principle, that no one shall be tried twice for the same offence." The idea of the learned judge seems to be, that a rule, which subjects the question of identity of the crimes charged, to the test of the evidence necessary to support the one and the other, furnishes a practical and substantial criterion in such cases, and is favorable to the accused.

Chitty, Cr. Law, 456, says, "it is generally laid down that an acquittal of burglary will not prejudice an indictment for larceny, or *vice versa*. This must be understood of those cases in which the former charge did not necessarily include the latter." The distinguished writer here alludes to those cases, where the first prosecution charges both a burglary and theft, and where, of course, an acquittal ought to be a bar to a new prosecution for the same larceny. But where, (he would infer,) the theft is not made an ingredient in the burglary, (as it may be or may not be,) a conviction or acquittal for an offence so charged, will not affect a second indictment for the larceny only.

In the *State* v. *Cooper*, 1 Green. R., 376, the supreme court of New Jersey seem disposed to question the particular point determined in the case of the *King* v. *Vandercomb*, and express the opinion that a conviction for larceny would be a good bar to a prosecution for burglary and stealing the same goods: but the court properly and cautiously add,—" what-

ever might be its effect upon an indictment for burglary with intent to steal."

Judge Swift, 2 Sw. Dig., 426, in discussing the general subject of former acquittals and former convictions, remarks, "if the former charge was such that the defendant could not have been acquitted of the latter upon it, the acquittal can not be pleaded."

In short, the test, by which we are endeavoring to decide the present case, has received the unvarying sanction of all the authorities, however loosely it may have been applied in particular instances.

If the present information had charged the accused, in the anomalous mode adopted in some English forms, with breaking and entering and stealing, a different question might arise in the present case. As the offence of burglary, as understood at the common law, is complete without a larceny, it is singular that this redundant method of pleading, by which an unnecessary allegation is incorporated into a criminal complaint and made material, should have been so extensively resorted to in England. But under our statute, it is at least doubtful, whether a pleader could safely embrace a charge of larceny in the same count, in which the statute offence is set up. At all events, the first information against the present defendant, charged him with theft only, and the second imputes to him only the criminal breaking, without any superfluous averment in either case. It follows, according to the authorities cited, that the conviction for the theft is no bar to the present information.

The defendant has relied on a class of cases, in which many of the courts of this country seem to have held, that where a person has been convicted of an act which is a constituent part of a greater offence, he can not afterward be prosecuted for the greater. In England, on the contrary, the lesser offence is held to be utterly merged and extinguished in the greater, and therefore, while a person is not liable to a prosecution for the minor offence after a trial for the greater,

a trial for the lesser is not a bar to a prosecution for the greater.    The rule in England is, however, subject to a just exception.    If an acquittal for the inferior crime shows that the larger could not have been committed—is in fact a judgment in favor of the accused on a point vital to the new prosecution—then the acquittal has all the force of conclusive evidence against the second charge, and is properly pleadable in bar.    For instance, an acquittal for manslaughter is a bar to a prosecution for murder, applied to the same transaction; for it negatives the homicide, which is indispensable to sustain the charge of murder, and of which, indeed, murder is but an aggravated form.    1 Stark. Cr. Pl., 322.

The doctrine, urged by the defendant, is not, even in this country, cleared of all difficulties and confusion.    But it is unnecessary for us to confirm, refute, or even to explain it. We simply say, that it is not, in any point of view, applicable to the present case.    For it can not justly be claimed, that the theft of which the defendant was convicted, was even a constituent part of the act of breaking with intent to steal, described in the statute and in the information.    The principle, therefore, if it exists at all, which makes a conviction for the less offence a bar to a prosecution for the greater, when the latter includes the former, would not aid the defendant.

Nor can it be claimed, that the two prosecutions of the defendant present the spectacle of one unlawful act divided into two, and each made the subject of a separate proceeding.    Both in law and in reason, the burglary and the theft were two acts, neither of which entered into the nature or substance of the other.

As most of the cases referred to as authorities, are instances of former acquittals, it is proper to remark, that the same rules apply to cases of former convictions, without exception. The effect of each, on a subsequent prosecution, is the same. Sw. Dig.    1 Green. R., 375.    In each case, the defendant

can justly maintain that he has been once in jeopardy for the same offence.

The question arises upon the bill of exceptions, whether a banking-house. is a shop, store or warehouse, within the meaning of this statute.

Whatever might be thought of this suggestion, if it were presented for the first time to the courts of this state, we feel bound by the construction which has long been given to this statute, and in which it may be said that the legislature have silently acquiesced, having made no attempt to disturb it. This court have gone so far as to decide that the cabin of a ship was a dwelling-house within the meaning of the act, and in the year 183–, the precise question now made was determined against the prisoner by Judge Huntington, holding the superior court for Middlesex county. We do not feel called upon to adopt new rules for the construction of the statute, and sustain the information.

Our advice to the superior court is, that the judgment of the county court be affirmed.

In this opinion, HINMAN, J., concurred.


WAITE, C. J. I take it to be a sound rule of law, founded upon the plainest principles of natural justice, that where a criminal act has been committed, every part of which may be alleged in a single count in an indictment, and proved under it, the act can not be split into several distinct crimes, and a separate indictment sustained upon each. And whenever there has been a conviction for one part, it will operate as a bar to any subsequent proceedings as to the residue.

Thus, where an assault and battery has been committed, and several blows given at the same time, although each blow may of itself constitute a substantive criminal offence, yet the public prosecutor can not sustain an information for each blow inflicted. He may, indeed, at his election, charge the offender with the infliction of all the blows, or of any one

or more of them, but in the latter case a conviction will bar a prosecution for all the others.

If indeed there be such an interval of time, between any two blows, that they can not be considered as parts of one and the same transaction, nor proved under a single count, then separate informations may be maintained.

It has been holden, by this court, that under our statute, making it a crime for a person to have in his possession a counterfeit bill, knowing it to be such, with intent to pass the same, a person having in his possession two such bills, purporting to have been issued by different banks, can not be convicted of two separate offences, and a conviction for hav-. ing one such will be a bar to a punishment upon a subsequent information for having the other. *State* v. *Benham*, 7 Conn. R., 414.

In such case, the possession of both bills might have been charged in the same information, and therefore the crime is indivisible, and will not sustain two separate and distinct informations.

By our law, a person, charged with the commission of a crime, may be convicted of any lesser offence, which is embraced in the charge of the greater, and within the jurisdiction of the court, before which the trial is had. Thus, upon an indictment for a rape, the accused may be convicted of an assault with intent to ravish, and such conviction will be a bar to a subsequent prosecution for the rape. *State* v. *Parmelee*, 7 Conn. R., 259.

Whenever, in any criminal transaction, a felonious intent is essential to render it a crime, and without proof of which no conviction can be had, two informations, founded upon the same intent, can not be maintained.

Thus, in the case cited, the intent to ravish was an essential ingredient in the charge for the assault, in order to give the court jurisdiction, and without proof of that intent, neither the charge for the assault, nor the greater one for the rape,

could be established, and hence a conviction for one of those offences, is a bar to a conviction for the other.

In the case under consideration, the prisoners were convicted of the crime of theft, in having stolen the bills of the corporation, and in the subsequent information they were charged with having broken into the banking-house, with intent to commit that very theft. The breaking the building, and taking the bills, were both parts of one and the same transaction, and done with the same felonious intent, and without proof of that intent, they must have been acquitted in both cases.

Both parts of that transaction might have been embraced in the same count in the information, and proved under it, and such is the general practice. "It seems," says Russell, " to be the better course, first to lay the intent, and then state the particular felony, if a felony has been committed." 2 Russell on Crimes, 38.

Under such an information, the prisoners might have been convicted of the whole offence, or of the breaking, or the theft only, and acquitted of the residue of the charge.

It has been said, that the prosecuting attorney may elect to join both offences in the same information, or file separate ones. But in my opinion, the law gives him no power to make two crimes, or one, out of the same transaction, at his pleasure. The law, and not the attorney, must determine that matter. He may indeed elect to prosecute for the whole, or any part, but he can sustain but one information.

Thus, in the case cited from our own reports, of the person having two counterfeit bills in his possession. It was competent to the attorney to file an information against him, for having both bills, or only for having one of them, and having adopted the latter course, he could do nothing in reference to the possession of the other bill.

For these reasons, I am of opinion that the county court, in holding the plea in bar of the defendants in this court

insufficient, manifestly erred, and their judgment ought to be reversed.

Judgment affirmed.