The State v. Ridley and Johnson.

THE STATE v. RIDLEY AND JOHNSON.

1. Criminal Law: COMPOUND OFFENSE: CONSTRUCTION OF STATUTE. The term "compound offenses," as used in section 4300 of the Code, has reference only to cases where the same act constitutes in itself more crimes than one, and does not include cases in which two or more crimes are committed in succession.

2. ———: PRACTICE: SPECIAL INTERROGATORIES TO JURY. Section 2808 of the Code, providing for the submission of particular questions of fact to the jury, has reference to trials in civil actions only.

*Appeal from Polk District Court.*

SATURDAY, APRIL 20.

THE defendants were tried upon an indictment of which the following is a copy :

The State v. Ridley and Johnson.

"The grand jury  *  *  *  *  *  *  accuse William Ridley and C. M. Johnson of the crime of burglary committed as follows: The said William Ridley and C. M. Johnson, on the 2nd day of August, 1876, in the county of Polk, in the night-time of said day, unlawfully, feloniously and burglariously, did break and enter the store of one John Slatten, there situated, in which said store, goods, merchandise, and valuable things were then and there kept for use, sale, and deposit, with intent then and there the goods, chattels, money and property of the said John Slatten, in the said store then and there being, then and there unlawfully, feloniously and burglariously to steal, take and carry away; and two caddies of tobacco of the value of twelve dollars each  *  *  *  of the personal goods, chattels and property of the said John Slatten, in the said store then and there being found, then and there unlawfully and burglariously did steal, take and carry away  *  *  *  *  *  *  ."

There was a verdict of guilty of larceny from a store in the night-time, and the defendants were sentenced to imprisonment in the penitentiary. Defendants appeal.

*Maxwell, Lee & Witter*, for appellants.

*J. F. McJunkin, Attorney General*, for the State.

ROTHROCK, J.—I. It is urged that the only charge in the indictment is that of breaking and entering a store-house, in the night-time, with intent to steal.

The court instructed the jury as follows: "10. In the facts set forth in the indictment are included three crimes, of different degrees of enormity—*First*, the crime of larceny in a store in the night-time, the highest; *second*, the crime of breaking and entering a store in which goods, merchandise, and valuable things were kept for use, sale and deposit, with intent to commit larceny, the next lower offense; *third*, the crime of simple larceny, the lowest."

The jury were further instructed that under the indictment a verdict might be found for any one of the three crimes above named, if the evidence should be found sufficient to warrant such verdict.

The indictment in this case is substantially the same as that in *The State v. Hayden*, 45 Iowa, 11. In that case the defendant was found guilty of breaking and entering the store with intent to commit larceny. In this case the defendants were found guilty of larceny from a store in the night-time.

It was held in that case that the indictment was not bad for duplicity, because it charged but one offense—that of breaking and entering the store in the night-time, with intent to commit larceny—and the allegation that the larceny was actually committed should be regarded as pleading evidence, which might be rejected as surplusage.

That indictments in substantially the same form have been held good, see authorities cited in that case.

The indictment under our practice must charge but one offense, but it may be charged in different forms or counts to meet the evidence. The exception is "that in cases of compound offenses, where, in the same transaction, more than one offense has been committed, the indictment may charge the several offenses, and the defendant may be convicted of any offense included therein." Code, § 4300. There was no printed argument for the prosecution in the case of the *State v. Hayden, supra,* but in an oral argument by the late Attorney General it was urged that the crime charged was a compound offense.

1. CRIMINAL law: compound offense: construction of statute.

We then examined that question to some extent, and were satisfied that this position was not correct. It is now again urged that this is a compound offense. Upon a re-examination of the question, we have not changed our views.

It may be somewhat difficult to determine exactly what is a compound offense. It must, we think, refer to a case where a particular transaction constitutes in itself two or more offenses. For example, if a married man should forcibly

have a carnal knowledge of a woman not his wife, he would, in the same act, commit the crimes of rape and adultery, and if such person should be within the prohibited degrees of consanguinity, he would commit the further crime of incest. In such cases, all the offenses are committed by the same act or transaction at the same point of time, and all may be charged in the same indictment.

But in the case at bar the breaking and entering with the unlawful intent was completely consummated before the larceny was commenced. The larceny was a distinct crime, and no part of the breaking with intent to commit a public offense.

Under section 3894 of the Code, the unlawful breaking and entering must be "with intent to commit any public offense." Suppose that instead of larceny the defendant had committed the crime of rape or murder, would it be proper to charge those offenses, not only in the same indictment, but in the same count, with the charge for the unlawful breaking and entering with the criminal intent? An indictment charging burglary and murder would be an anomaly under our practice. We have no doubt that such an indictment would not meet the requirements of our statute, that but one offense must be charged. If such an indictment cannot be sustained, for the same reason burglary, or the unlawful breaking and entering a storehouse, cannot be joined with larceny.

The defendants excepted to the instructions above referred to, and also moved in arrest of judgment.

We think the instructions were erroneous, and that the motion in arrest of judgment should have been sustained.

II. The defendants asked that certain interrogatories be submitted to the jury. The court refused to submit the same, for the reason, among others, that the law does not contemplate the submission of special questions of fact to the jury in criminal cases.

2. ——: practice: special interrogatories to jury.

In our opinion there was no error in this ruling.

It is not provided that interrogatories may be submitted to

the jury by the court, upon the request of the parties, in criminal cases. It is provided in section 4463 that the jury, "when they are in doubt as to the legal effect of the facts proven, may, except upon an indictment for libel, find a special verdict." The jury themselves are to determine whether their verdict shall be special or general. It can only be special when the jury doubt as to the legal effect of the facts proven. Section 2808 of the Code, providing for the submission of particular questions of fact to the jury, has reference to trials in civil actions only.

III.    There are a large number of exceptions taken to other instructions of the court to the jury, and to the refusal to give certain instructions asked by defendants.

A careful examination has satisfied us that these objections are not well taken. With the exception of the error above discussed, we think the instructions given by the court contain no prejudicial error, and are fully as favorable to defendants as they had the right to ask.

As the judgment must be reversed for the error in the tenth instruction above set out, and for overruling the motion in arrest of judgment, it is unnecessary to allude to the other exceptions in detail.

REVERSED.

ON REHEARING.

ADAMS, J.—It is claimed by the Attorney General that the almost universal practice in this State has been to join burglary and larceny in the same indictment, where the larceny was committed in connection with the burglary, and that such is the better practice, and in harmony with the general current of authorities. He claims, too, that the practice and authorities are not inconsistent with our statute on the subject—section 4300 of the Code. That section is in these words: "The indictment must charge but one offense,  *  *  * provided that in case of compound offenses, where in the same transaction more than one offense has been committed,

the indictment may charge the several offenses, and the defendant may be convicted of any offense included therein." It is insisted by the Attorney General that burglary and larceny, where the larceny is committed in connection with the burglary, constitute a compound offense, and that both offenses may, therefore, be charged in the indictment, and that the defendant may be convicted of either.

It will be seen at once that the question presented is as to whether the burglary and larceny, when committed in connection, can properly be considered a compound offense. What precisely is a compound offense does not seem to be very well defined in the books. Indeed, so far as we have been able to observe, the expression is seldom used. An attempt, however, was made in the Code to define it. According to it a compound offense is committed when more than one offense is committed in the same transaction. But the Attorney General and counsel for defendant differ as to what constitutes a transaction. By the former it is insisted that, although breaking, entering and stealing are three different acts, they constitute one transaction. Counsel for the defendant deny this proposition.

Mr. Justice Rothrock, in his opinion in this case, illustrates his idea of what is meant by one transaction, in the sense in which it is used in the Code, as a transaction including two or more offenses, by supposing a case where a married man, by force, has carnal knowledge of a woman not his wife. He commits two crimes at once—rape and adultery. In such a case there would certainly be but one transaction, and it would be a clear case of a compound offense. So, too, there may be successive offenses which constitute a single offense. Assault and larceny constitute robbery. Both must be charged to constitute a charge of robbery. Proof of either would sustain a conviction for the offense proved. But burglary is complete without larceny. It consists of breaking and entering, with an intent to commit a public offense. If the burglars uperadds the actual commission of the offense for

which the burglary was perpetrated, shall the whole be considered as one transaction, constituting a compound offense, so as to justify charging both burglary and larceny in the same indictment, and render proper a conviction upon either; or is the burglary one transaction, and the larceny another, in such a sense as that they should be charged in separate indictments, and the defendant, if guilty of both, be convicted of both, and punished accordingly? It seems hardly reasonable that a conviction for one should exempt the defendant from conviction upon the other.

Where two persons break and enter a building with intent to commit larceny, and one repents and leaves the building immediately, and the other proceeds and commits the larceny, they are certainly not equally guilty. Yet it has been held that where a person adds larceny to burglary, the larceny may be considered as merged in the burglary, or treated merely as more conclusive evidence of the intent. This subject was elaborately discussed by Chief Justice Shaw in *Commonwealth v. Hope*, 22 Pick., 1. In that case it was held that a count in an indictment which charged the breaking and entering a dwelling-house with intent to steal, and actually stealing, was not bad for duplicity. The learned Chief Justice said: "Although, in strict construction, the facts charged constitute two distinct statute offenses, to-wit: breaking and entering a dwelling-house with intent to steal, and stealing in a dwelling-house, yet practically, as the whole consists of one fact, the conviction and sentence upon one has been held to embrace the other." He says further: "The averment of actual stealing is to be regarded as equivalent to alleging the intent to steal." While he seemed to regard the doctrine announced as in harmony with the general current of authorities, it will be seen, upon examination of the opinion, that he was evidently somewhat influenced by what he calls the course of their own legislation upon the subject. The question before us arises upon the construction of our statute, and it appears to us that we are required to follow where principles lead, rather

than to allow ourselves to be controlled by the decisions of States, the course of whose legislation has been different from ours.

Respecting the construction of the statute, it may be said that the word transaction might, without doing violence to the language, be understood to mean, as the Attorney General claims, all the successive acts constituting the breaking and entering, and the commission of the public offense intended to be committed. But it is evident that the word transaction might be understood as having a more limited meaning; and, upon principle, we think that we are required to give it a more limited meaning. If the commission of the public offense intended in the breaking and entering is a part of the same transaction in one case, it is in another. Suppose, as Mr. Justice Rothrock argues, the offense intended to be committed is rape instead of larceny, it would hardly be claimed that burglary and rape could be charged in the same indictment. Yet, if they are embraced in the same transaction, within the meaning of the statute, they might be, and the defendant might be convicted of either offense, though guilty of both; the sentence for either, under the doctrine of *Commonwealth v. Hope*, being regarded as embracing the other. Indeed, if the intended offense committed was murder, it would seem to follow that the burglary and murder could be charged in the same indictment, and that the defendant, though guilty of both, might be convicted of burglary, and that the sentence for burglary might be regarded as embracing both offenses. Most certainly this would not be claimed. But can we say that if larceny is the intended offense committed, it is to be regarded as a part of the transaction, and if the intended offense committed is anything but larceny, it is to be regarded as not a part of the transaction? We are unable to discover upon what principle such a distinction should be made.

If we had a statute providing a distinct punishment for burglary, where it is accompanied by the commission of the

intended offense, we should think that burglary, so accompanied, might be regarded as a compound offense. In the absence of such statute we think that the burglary, and the intended offense committed, should be treated as distinct offenses, and punished accordingly.

But it is urged that the doctrine here announced is inconsistent with *State v. Hayden*, 45 Iowa, 11. In that case it was held that only burglary was intended to be charged. Stress was laid upon the fact that it was not claimed in the court below that larceny was charged. With that view it will be seen that the decision in that case cannot be regarded as inconsistent with the decision in this. The views which we have expressed are strongly supported in *People v. Garrett*, 29 Cal., 625, and *Wilson v. State*, 24 Conn., 65. The former opinion is adhered to, and the case is reversed.