UNITED STATES v. YENNIE et al.

(District Court, S. D. New York. February 26, 1896.)

CRIMINAL LAW—REMOVAL—LARCENY OF POSTAGE STAMPS—POSTMASTER'S ROOM —REV. ST. §§ 5475, 5476, 5478—JOINDER OF DIFFERENT OFFENCES.

An entry into a postmaster's room in the P. O. Building, and a theft of postage stamps by opening the locked vault in which they were kept, constitute a forcible breaking and entry into a post office in a part of the P. O. Building, punishable under section 5478, Rev. St. Breaking into such a room with the intent to commit larceny, and the actual stealing of stamps, constitute separate offences under sections 5475, 5478; but when both are parts of the same transaction, a single count stating these facts is not fatally bad; and any objection thereto is a question of practice not sufficient to prevent removal of the prisoner to the proper place for trial.

Application for Removal of Prisoners.

Wallace Macfarlane, U. S. Atty., and J. Hinman, M. J. Kohler, and Wm. S. Ball, Asst. U. S. Attys.

Daniel O'Connell, for defendants.

BROWN, District Judge. Upon examination of the evidence returned upon the writ of certiorari, I am satisfied that there was sufficient probable cause to justify the Commissioner in holding the prisoners for trial upon all the charges contained in the indictment. There is reasonable and probable cause to hold them upon the charge of larceny of the postage stamps, under section 5475, and that this larceny was committed on the 3d of April, by opening the door of the postmaster's private room where the vault was in which the stamps were kept, and by opening the lock of the vault. This room being used by the postmaster for post office purposes was within the intent of section 5478; and such an entry for the purpose of stealing stamps would constitute a forcible breaking and entry into the post office, and punishable under section 5478.

The third count charges forcible breaking into the building with intent to commit larceny, and also that the defendants did then and there steal the postage stamps, &c. No doubt either of the two branches of this indictment would constitute a separate offence under sections 5475 and 5478. These are offences of the same kind, and of the same grade of punishment, though with different degrees of severity. It is contended for the defendants that this count is double, and therefore bad. The precise point was fully discussed in the case of Com. v. Tuck, 20 Pick. 356, and the objection overruled in cases like this, where both offences relate to and are parts of the same transaction.

Under objection made at the trial, the U. S. Attorney might nolle as to either part, and retain the other; or the jury might give a special verdict upon either part; and after a verdict the objection would not be sufficient for the arrest of judgment. The defect, if any, therefore, appears to be one of form and of procedure rather than of essence, and is not available upon a mere application to remove the prisoners to the proper district for trial. Horner v. U. S., 143 U. S. 207, 12 Sup. Ct. 407; Id. 44 Fed. 677. But if this view of the third count is erroneous, under the cases just cited, the first two counts would require removal, as probable cause seems to be shown.

The application to remove must be granted.