### MUNSON v. McCLAUGHRY, Warden.

(Circuit Court of Appeals, Eighth Circuit. July 15, 1912.)

#### No. 3,776.

*(Syllabus by the Court.)*

1. Criminal Law (§ 1216*)—Conviction—Different Offenses—Contemporaneous Burglary and Larceny—Sentence on Conviction on Different Counts—Validity.

The sentence of a defendant, convicted on two separate counts of an indictment, under sections 5478 and 5456, or 5475, Revised Statutes (U. S. Comp. St. 1901, pp. 3683, 3694, 3696), of burglary of a post office building with intent to commit larceny and of larceny committed at the same time and as a part of a continuous criminal act, to separate punishments for the burglary and the larceny, is ultra vires and void as to the sentence for the larceny, and after the defendant has satisfied the sentence for the burglary he is entitled to his release on habeas corpus.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3310–3319; Dec. Dig. § 1216.*]

2. Habeas Corpus (§ 28*)—Void Judgment—Excessive Sentence—Jurisdiction.

The excess of a judgment beyond the jurisdiction of the court which renders it is as void as a judgment without any jurisdiction, and a prisoner held under such excess is entitled to his release by writ of habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 23; Dec. Dig. § 28.*]

Appeal from the District Court of the United States for the District of Kansas.

Habeas corpus on petition of Charles Munson against Robert W. McClaughry, Warden of the United States Penitentiary at Leavenworth, Kan. From an order denying the petition, petitioner appeals. Reversed and remanded, with instructions.

See, also, 196 Fed. 1007.

Turner William Bell, for appellant.

H. J. Bone, U. S. Atty., and McCabe Moore, Asst. U. S. Atty., for appellee.

Before SANBORN and HOOK, Circuit Judges, and WILLARD, District Judge.

SANBORN, Circuit Judge. This is an appeal from an order which denied the petition of Charles Munson for a writ of habeas corpus and a release from the United States Penitentiary at Leavenworth, Kan. The petitioner was indicted, convicted, and sentenced under

one count of an indictment to a fine and imprisonment for five years under section 5478 of the Revised Statutes (U. S. Comp. St. 1901, p. 3696), for forcibly breaking into a building used in part as a post office, with intent to commit larceny in the part of the building so used, and under another count of the same indictment to imprisonment for one year under section 5456 or 5475, Revised Statutes (U. S. Comp. St. 1901, pp. 3683, 3694), to begin after the expiration of the sentence for five years, for stealing postage stamps and other property belonging to the Post Office Department of the United States from the same building at the same time that he committed the offense of breaking with intent to commit larceny charged in the first count of the indictment. He paid his fine and served his term of five years under the first count, and then presented this petition for a writ of habeas corpus and for his release from the penitentiary, on the ground that where one is convicted of burglary with intent to commit larceny and of larceny committed at the same time and place, the court is without jurisdiction, after sentencing for the former crime, to impose a farther and separate sentence for the latter.

[1] There is no doubt that the defendant might have been convicted and sentenced for the offense charged in the first count of this indictment without a conviction or sentence for the offense charged in the second count, or for the offense charged in the second count without a conviction or sentence for the offense charged in the first count; and section 1024 of the Revised Statutes (U. S. Comp. St. 1901, p. 720), provides that where there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, which may be properly joined, the whole may be joined in one indictment in separate counts. Counsel for the United States argue that the act of breaking, or attempting to break into, a building used as a post office with intent to commit larceny therein, and the act of stealing stamps or property of the United States, are separate offenses, as they undoubtedly are when they are not parts of the same act or transaction, and from this premise they deduce the conclusion that, although they are parts of the same act or transaction, they still remain separate offenses, for which the perpetrator may be separately indicted, convicted, and punished. In support of this position they call attention to these authorities: Ex parte Peters (C. C.) 12 Fed. 461; United States v. Williams (D. C.) 57 Fed. 201; United States v. Yennie (D. C.) 74 Fed. 221; Sorenson v. United States, 168 Fed. 785, 94 C. C. A. 181; Rapalje on Larceny, § 351, p. 412; State v. Barker, 64 Mo. 282; State v. Ridley, 48 Iowa, 370; Breese v. State, 12 Ohio St. 146, 80 Am. Dec. 340; Speers v. Commonwealth, 58 Va. 570; Dodd v. Arkansas, 33 Ark. 517; State v. Warner, 14 Ind. 572; People v. Devlin, 143 Cal. 128, 76 Pac. 900; State v. Ingalls, 98 Iowa, 728, 68 N. W. 445; Gordon v. State, 71 Ala. 315; Territory v. Willard, 8 Mont. 328, 21 Pac. 301; State v. Martin, 76 Mo. 337; Howard v. State, 8 Tex. App. 447; Smith v. State, 22 Tex. App. 350, 3 S. W. 238; Rust v. State, 31 Tex. Cr. R. 75, 19 S. W. 763.

A criminal intent to commit larceny of property of the government is an indispensable element of each of the offenses of which the petitioner was convicted, and there can be no doubt that where one attempts to break into or breaks into a post office building with intent to commit larceny therein, and at the same time commits the larceny, his criminal intent is one, and it inspires his entire transaction, which is itself in reality but a single continuing criminal act. It seems to be unauthorized, inhumane, and unreasonable to divide such a single intent and such a criminal act into two or more separate offenses, and to inflict separate punishments upon the various steps in the act or transaction, such as one for breaking, or for the attempt to break with the criminal intent, and another for a larceny with the same intent, or such as one for the attempt to break, a second for the breaking, a third for the entering, a fourth for the taking of stamps, a fifth for the taking of other property, a sixth for the conversion of· the property, and a seventh for carrying it away, all with the same single criminal intent. And there is evidently no limit to the number of offenses into which a single criminal transaction inspired by a single criminal intent may be divided, if this rule of division and punishment is once firmly established. The theory that such an act and intent could be punished as two separate offenses seems to have taken its rise in the federal courts in the decision of Circuit Judge McCrary in Ex parte Peters (C. C.) 12 Fed. 461. At that time the Supreme Court of Connecticut had held in Wilson v. State, 24 Conn. 57, that a conviction of larceny at the same time that a burglary was committed constituted no defense to a charge of the burglary. Chief Justice Waite, however, in an able opinion which has commended itself. to· the judgment of many courts, dissented from this conclusion and declared that:

"Whenever, in any criminal transaction, a felonious intent is essential to render it a crime, and without proof of which no conviction can be had, two informations, founded upon the same intent, cannot be maintained."

Judge McCrary, in his opinion in the Peters Case, said that the reasoning of Chief Justice Waite was so strong that if it were a question of first impression he would be inclined to adopt his opinion, but that he found the law very well settled to the contrary, and he cited Bishop's Criminal Law, § 1062, Josslyn v. Commonwealth, 6 Metc. (Mass.) 236, State v. Ridley, 48 Iowa, 370, and Breese v. State, 12 Ohio St. 146, 80 Am. Dec. 340. A careful examination of these authorities discloses the fact that they fail to support his statement that they settle the question in favor of his decision.

In Josslyn v. Commonwealth, the Supreme Judicial Court of Massachusetts ·held only:

"That where the breaking and entering and actual stealing are charged in one count, there is but one offense charged, and there can be but one penalty adjudged. But where they are averred in distinct counts, as distinct substantive offenses, not alleged to have been committed at the same time and as one continued act, if ·in ·other respects they are such offenses as· may be joined in the same indictment, the defendant may be convicted on· both· and a judgment rendered founded on both."

Bishop, at sections 1062, 1063, and 1064 of his work on Criminal Law, cites authorities on each side of this question and gives the opinion that:

"To make a burglary thus double and punish it twice, first as burglary and secondly as larceny, hardly accords with the humane policy of our law."

It will be noticed that the decision in Josslyn's Case was that the burglary and larceny might be pleaded as separate offenses, where they were "not alleged to have been committed at the same time and as one continued act," which was in effect to hold that, if they were pleaded or proved to have been "committed at the same time and as one continued act," they could not be punished as separable offenses. And that was, at the time Judge McCrary rendered his opinion, and ever since has been, the established rule in Massachusetts. In Kite v. Commonwealth, decided in 1846, subsequent to Josslyn's Case, and more than 30 years before the decision in Peters Case, 11 Metc. (Mass.) 581, at 583, the Supreme Judicial Court of Massachusetts held that:

"If the larceny charged in the second count appears, in proof, to have been committed at the time of the breaking and entering, then it is merged, and the conviction is properly for burglary, and the sentence must be accordingly."

Judge McCrary evidently overlooked the clear distinction that had been made by these Massachusetts decisions between the offenses of burglary and larceny when they were distinct and separate in time, place, and act, and burglary and larceny that were parts of the same continuous criminal act, and upon this mistake was founded the decision which he rendered against his own better judgment in Ex parte Peters.

The opinions in the other cases, Breese v. State, 12 Ohio St. 146, 80 Am. Dec. 340, and State v. Ridley, 48 Iowa, 370, which Judge McCrary cited in the Peters Case, did not treat or rule the question there and here at issue, and the fact was that the opinion of the courts of Massachusetts was contrary to that which Judge McCrary announced and in accord with his own good judgment.

Turning, now, to the other decisions in the courts of the United States, the question here under consideration was not presented or considered in United States v. Williams (D. C.) 57 Fed. 201. In United States v. Yennie (D. C.) 74 Fed. 221, the breaking into the building with intent to commit larceny and the larceny of the postage stamps were charged in the same count of the indictment, and the court held that, although they were separate offenses, the count was good. The question whether or not the defendants could be punished for both offenses, when they proved to be parts of a single continuing act inspired by a single criminal intent, was neither considered nor determined. This is also true of the decision in Sorenson v. United States, 168 Fed. 785, 94 C. C. A. 181, and the result is that, aside from the opinion under review, no authority in the federal courts, in support of the proposition of counsel for the government, except the opinion of Judge McCrary in the Peters Case, rendered against his

own better judgment and under an evident misapprehension of the state of the decisions, has been called to our attention.

The authorities cited by counsel for the government from the state courts, to the effect that burglary and larceny committed as parts of the same transaction are separate offenses and may be separately punished, have been carefully read. They are not, however, very persuasive, because some of them are founded on the Peters Case, some on special statutes of the states in which they were respectively rendered, and some on the argument that burglary and larceny committed as parts of a continuous act may be inspired by different criminal intents, the burglary by the intent to commit some felony other than larceny, such as rape, arson, or murder, so that the intent to commit larceny may not arise until after the breaking and entering with an intent to commit some other felony have been completed (People v. Devlin, 143 Cal. 128, 129, 76 Pac. 900); an argument which is idle in the case in hand, because the same single intent to commit larceny is an indispensable element of each of the offenses of which the petitioner was convicted in this case under sections 5478, 5456, and 5475, Revised Statutes.

On the other hand, it seems to be the established rule that where burglary with an intent to steal and stealing at the same time are charged in a single count, and there is a general verdict of guilty, the larceny is merged in the burglary and a sentence for the burglary only can be inflicted, although separate penalties are prescribed by the statutes for burglary and larceny. State v. McClung, 35 W. Va. 280, 284, 13 S. E. 654; Commonwealth v. Hope, 22 Pick. (Mass.) 1; Kite v. Commonwealth, 11 Metc. (Mass.) 581; Roberts v. State, 55 Miss. 421, 424.

The highest judicial tribunals of Massachusetts, Kentucky, Pennsylvania, and Georgia have decided that burglary with intent to commit larceny and larceny at the same time and as a part of the same transaction may not be lawfully punished as separate offenses, because they are parts of a single continuous act inspired by a single criminal intent. Kite v. Commonwealth, 11 Metc. (Mass.) 581, 583; Triplett v. Commonwealth, 84 Ky. 193, 1 S. W. 84, 85; Yarborough v. State, 86 Ga. 396, 12 S. E. 650; Commonwealth v. Birdsall, 69 Pa. 482, 485, 8 Am. Rep. 283.

The United States Circuit Court of Appeals for the Ninth Circuit, after a thoughtful review of the authorities, has decided that, where one is indicted in separate counts and convicted of burglary of a post office with intent to commit a larceny under section 5478, and of larceny at the same time as a part of the same transaction under section 5456 or 5475, he can be lawfully punished for the burglary only. Halligan v. Wayne, 179 Fed. 112, 102 C. C. A. 410. And because in such a case the burglary and larceny are parts of a single continuous act, inspired by the same single criminal intent, provable by the same evidence, because the arbitrary subdivision of such a single criminal act, inspired by the same criminal intent, into numerous offenses, is unauthorized and oppressive, because, after conviction of such a burglary, the subsequent trial for such a larceny in reality puts the

defendant twice in jeopardy for the same criminal act and intent, and because this decision of the court of the Ninth Circuit is sustained by the eminent authority of its judgment and by the stronger and better reasons, its conclusion is followed and adopted by this court.

The result is that the power of the United States District Court to inflict punishment upon the petitioner was exhausted when it had sentenced him for the burglary with intent to commit the larceny, and its sentence for the larceny was in excess of its jurisdiction and therefore void.

[2] The excess of a sentence beyond the jurisdiction of the court which renders it is as void as a judgment without any jurisdiction, and a prisoner held under such excess alone is entitled to his release by writ of habeas corpus. Ex parte Lange, 18 Wall. 163, 176, 178, 21 L. Ed. 872; Michigan Trust Co. v. Ferry, 175 Fed. 667, 677, 99 C. C. A. 221, 231; Mackey v. Miller, 126 Fed. 161, 163, 62 C. C. A. 139, 141; Ex parte Peeke (D. C.) 144 Fed. 1016. As the petitioner had satisfied his sentence for the burglary with intent to commit the larceny, and was held only under a void sentence for the larceny committed at the same time and as a part of the same continuous criminal act inspired by the same criminal intent as was the burglary, he was entitled to his discharge.

The order denying his petition for a writ of habeas corpus and for his release from the penitentiary must therefore be reversed, and the case must be remanded to the court below, with instructions to release the petitioner.