## MONROE v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted November 2, 1925. Decided December 7, 1925.)

No. 4334.

**1. Criminal law ⬤➡196—Showing necessary to support plea of former jeopardy stated.**

To support plea of former jeopardy, offenses must be same in law and in fact, and such that same evidence would tend to prove both.

**2. Criminal law ⬤➡202(1)—Plea of former acquittal held unsustained.**

Under Code, § 798, murder in first degree with deliberate and premeditated malice is not the same offense as murder in first degree growing out of offense of house breaking, and acquittal on charge of latter offense is insufficient to support plea of former acquittal in a prosecution for former.

Appeal from Supreme Court of District of Columbia.

Lloyd Monroe was convicted of murder in second degree, and he appeals. Affirmed.

R. E. Lynch and T. M. Wampler, both of Washington, D. C., for appellant.

Peyton Gordon and J. J. O'Leary, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant Monroe was indicted for the murder of a policeman, John W. Purcell. He was convicted of murder in the second degree, and sentenced to imprisonment for the period of thirty years. From the judgment this appeal is prosecuted.

With defendant, three codefendants, Ernest August Brown, William Ludley, and Joseph P. Slaughter, were indicted. The indictment was in ten counts. The first five counts charged the defendants with murder in the first degree in "contriving and intending to kill one John W. Purcell, feloniously, willfully, and purposely, and of their deliberate and premeditated malice." The five counts differ only that in the first count the pistol is placed in the hand of defendant Brown, in the second count in the hand of defendant Monroe, in the third count in the hand of defendant Ludley, in the fourth count in the hand of defendant Slaughter, and in the fifth count in the hand of one George Ludley. Counts 6, 7, 8, 9, and 10 charged defendant Monroe and the codefendants with murder in the first degree in that the defendants feloniously attempted to enter, with intent to commit therein the crime of larceny, the garage of one Elzie Jones, and in attempting to commit the offense of house breaking, feloniously, willfully, and purposely did kill Purcell. Each of these five counts differ only in that the pistol is placed in the hands of the different defendants separately named in counts 6, 7, 8, and 9, and in count 10 in the hand of George Ludley.

The indictment for murder in the first degree was laid in section 798 of the District Code, which provides as follows: "Whoever, being of sound memory and discretion, purposely, and either of deliberate and premeditated malice or by means of poison, or in perpetrating or in attempting to perpetrate any offense punishable by imprisonment in the penitentiary, kills another, is guilty of murder in the first degree." On the first trial, at the conclusion of the government's case, counsel for defendant moved that the United States be required to elect on which of the counts it would submit the case to the jury. The government thereupon elected to abandon the last five counts, and submit the case on the first five counts. The case was accordingly submitted to the jury on the first

five counts, and the jury was instructed to return a verdict of not guilty on the last five counts. The jury disagreed as to the guilt of defendant on the first five counts, and returned a verdict of not guilty on counts 6, 7, 8, 9, and 10.

Before the second trial on counts 1, 2, 3, 4, and 5, on which the jury in the first trial disagreed, counsel for defendant filed a special plea of former jeopardy to the indictment. To this plea the government replied. Defendant challenged the sufficiency of the replication by motion to strike and by demurrer. The court denied the motion to strike and overruled the demurrer, to which exception was reserved. The second trial was proceeded with and resulted in a verdict, finding defendant guilty of murder in the second degree.

The single question involved in the appeal is whether the court erred in denying the plea of former jeopardy. Under section 798, supra, murder in the first degree may consist in purposely killing a human being either with deliberate and premeditated malice, or by means of poison, or in perpetrating or in attempting to perpetrate any offense punishable by imprisonment in the penitentiary. The offense of house breaking in this district is punishable by imprisonment in the penitentiary; therefore first degree murder was properly charged in each of the ten counts of the indictment.

[1] The federal rule as to what constitutes former jeopardy is concisely stated in Burton v. United States, 202 U. S. 344, 380, 381, 26 S. Ct. 688, 698 (50 L. Ed. 1057, 6 Ann. Cas. 392), as follows: "A plea of autrefois acquit must be upon a prosecution for the same identical offense. 4 Bl. 336. It must appear that the offense charged, using the words of Chief Justice Shaw, 'was the same in law and in fact.' * * * [Commonwealth v. Roby, 12 Pick. (Mass.) 504.] It is well settled that 'the jeopardy is not the same when the two indictments are so diverse as to preclude the same evidence from sustaining both.' 1 Bishop's Crim. Law, § 1051; Wilson v. State, 24 Conn. 57, 63, 64."

[2] Applying the above rule to the case at bar it is clear, we think, that the same evidence could not be used to prove the crime as laid in the first five and the crime as laid in the last five counts of the indictment. In other words, the offense charged in the first five counts is not the same as that charged in the remaining counts of the indictment. "Deliberate and premeditated malice" must be proved to sustain the charge laid in the first five counts. Proof of the perpetration, or attempted perpetration, of house breaking is essential to sustain the charge laid in the last five counts of the indictment. This proof is not essential to sustain the charge in the first five counts, nor is proof of deliberate and premeditated malice essential to sustain the charge in the last five counts. It is clear, we think, that the jeopardy is not the same in these two groups of counts, since the charges "are so diverse as to preclude the same evidence from sustaining both."

This conclusion is fully sustained by this court in Nordlinger v. United States, 24 App. D. C. 406, 70 L. R. A. 227, where it was contended that a second indictment charged the same offense as a former indictment upon which the defendant had been acquitted. The rule applied by this court is the same in effect as that applied by the Supreme Court. "The test of the identity of offenses that has commonly been applied in such cases is whether the facts necessary to conviction under the second indictment would have been sufficient, if proved, to warrant conviction under the first."

The judgment is affirmed.