## Case No. 17,458.

WESTON v. WHITE et al.

[13 Blatchf. 364; [1] 9 O. G. 1196; 2 Ban. & A. 321.]

Circuit Court, D. Connecticut.    May 29, 1876.

DURATION OF PATENTS — EFFECT OF PROCURING FOREIGN PATENT—PATENT AS EVIDENCE OF PUBLIC USE.

1. English letters patent were granted to W., April 25th, 1859, and published October 22d, 1859. He applied for a patent in the United States, for the same invention, in 1866, and it was granted to him August 6th, 1867. *Held*, that the latter patent would expire October 22d, 1876, 17 years from the publication of the English patent, and not before.

[Cited in De Florez v. Raynolds, 8 Fed. 443.]

2. The effect of the 16th and 17th sections of the act of March 2d, 1861 (12 Stat. 249), upon the 6th section of the act of March 3d, 1839 (5 Stat. 354), was to give to an American patent a duration of 17 years from the date of a foreign patent previously granted to the patentee for the same invention.

[Cited in American Diamond Rock Boring Co. v. Sheldon, Case No. 297; Goff v. Stafford, Id. 5,504; Siemens v. Sellers, 16 Fed. 861; Canan v. Pound Manuf'g Co., 23 Fed. 187.]

3. The fact that a patent has been issued by the United States for an invention, does not, of itself, prove the introduction of the invention into public and common use in the United States.

[This was a bill in equity by Thomas A. Weston against William H. White and others.]

Edmund Wetmore, for plaintiff.

John S. Beach and Stephen W. Kellogg, for defendants.

SHIPMAN, District Judge. The facts which are disclosed by the record are, that English letters patent were issued to Weston for the same invention described in the letters patent on which this suit is brought, bearing date April 25th, 1859, and published October 22d, 1859. Letters patent for substantially the same invention were granted by the United States to J. J. Doyle, bearing date January 8th, 1861. The patent in suit bears date August 6th, 1867, and was granted in pursuance of an application dated October 3d, 1866, and received at the patent office December 1st, 1866. The main question which is thus presented, is—did the plaintiff's American patent expire at the end of fourteen years from the date of the publication of his English patent?

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

In my opinion, the 16th and 17th sections of the act of March 2d, 1861 (12 Stat. 249), were intended to change all pre-existing statutory provisions by which American patents were limited to fourteen years, and to provide thereafter a term of seventeen years, without extension. This being the intent of the legislature, the proviso of the 6th section of the act of March 3d, 1839 (5 Stat. 354), that, where a foreign patent had been granted to the patentee, prior to his American patent, the latter patent should be limited to the term of fourteen years from the date of such foreign letters patent, was, by the operation of the 16th section of the act of 1861, necessarily amended, so that American patents subsequently issued and embraced within such proviso should extend for the new term of seventeen years from the date of the foreign patent. The proviso was not based upon the idea that American patents should expire at the same time with the foreign patent. It is true, that, when an English patent had been taken out, such would be the practical result, but it would not be the result when a patent had been granted by the government of a foreign nation whose laws provided a term of five, ten, or fifteen years. The intent of the 6th section of the act of 1839 was, that, in case a foreign patent had been issued, while the American patent was to be issued for the term of fourteen years (which had been previously provided as the duration of the life of all American patents, subject to extension), the American patent should be considered, for the purposes of the duration of the term, as antedated to the commencement of the term of the foreign patent. The act of 1861 made no alteration in this general system of legislation, but, having altered the term of American patents to seventeen years, and having provided for a repeal of all laws inconsistent therewith, the 6th section of the act of 1839 was changed accordingly, by force of the new provision of the statute of 1861. The act of July 8th, 1870 (16 Stat. 198), introduced a new principle, and provided that the American patent should expire at the same time with the foreign patent, but should not exceed a term of seventeen years. The plaintiff's patent will not, therefore, expire until October 22d, 1876.

The mere fact that letters patent of the United States were issued to J. J. Doyle in 1861, for substantially the same invention which was patented to Weston, does not show that the invention had been introduced into public and common use in the United States prior to Weston's application. It may have been thus introduced, but, the fact that a patent had been issued, does not, of itself, prove the introduction into common use, without the necessity of other testimony. The parties will proceed and be heard in regard to the questions of fact which arise upon the motion of the plaintiff. [Case No. 17,459.]