## CANAN v. POUND MANUF'G CO.

*(Circuit Court, N. D. New York. March 10, 1885.)*

PATENTS FOR INVENTIONS—EXPIRATION OF FOREIGN PATENT—REV. ST. § 4887—RECITALS IN LETTERS.

A patent granted for an invention which has been previously patented in a foreign country is not void because not limited on its face to expire at the expiration of the foreign patent, but will be valid for the term of the foreign patent only.

At Law.

*Crowley & Laughlin,* for complainant.

*Ellsworth & Potter* and *Worth Osgood,* for defendants.

WALLACE, J. The defendant insists that the plaintiff's patent is void because it is granted for the term of 17 years from the date of its issue, August 12, 1879, and is not limited upon its face to expire December 5, 1883, the time of the expiration of the plaintiff's Canadian patent for the same invention. This position is founded on the language of section 4887, Rev. St., which declares "that every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent, or, if there be more than one, with the one having the shortest term; and in no case shall it be in force more than 17 years." Reading this section without reference to the context, it would fairly authorize the argument that the limitation should be expressed upon the face of the patent; and if this were the true meaning of the law, a serious question would arise whether a patent issued in disregard of the mandate would not be void. But the section is to be read in connection with sections 4883, 4884, and 4885, and resort may be had for interpretation to the pre-existing statutes; and thus read there seems to be no room for fair doubt that section 4887 is not to be construed as requiring the limitation to be expressed in the patent, but merely as controlling the effect or duration of the grant.

Sections 4883, 4884, and 4885 prescribe the formalities by which patents shall be authenticated, and what they are to recite and contain. Section 4884 enacts that "every patent shall contain a short title or description of the invention or discovery, * * * and a grant to the patentee, his heirs or assigns, for the term of 17 years, of the exclusive right to make, use, and vend the invention," etc. There is an apparent conflict between the requirements of this sec-

tion and those of section 4887, but upon resorting to the original sources of the provisions it will be seen that this conflict is apparent only. Where the meaning of the Revised Statutes is plain the court cannot recur to the original statutes to see if errors were committed in revising them, but it may do so when necessary to construe doubtful language used in the Revision. *U. S.* v. *Bowen,* 100 U. S. 508. Sections 4883, 4884, 4885, and 4887 are reproduced from sections 21, 22, 23, and 25 of the act of July 8, 1870, revising and amending the statutes relating to patents. The first three sections relate to the regulations which are to be observed by the executive department respecting the form and contents of the instrument which they are to issue to the patentee. Section 25 relates to the rights which may be acquired by an inventor or discoverer who has previously patented his invention in a foreign country. It did not enact that his patent should "be limited so as to expire" at the same time with his foreign patent, but declared that his patent should "expire at the same time" with the foreign patent. Obviously congress was considering the effect and extent of the grant to such a patentee, the estate with which he would be invested when his patent had been issued, and not the formal requisites or terms of the instrument evidencing the grant. This is very clear by reference to the other provisions of that section, all of which relate to conditions which may defeat his patent.

The change of phraseology in section 4887 by which the words "shall be so limited as to expire" are substituted in place of the words in section 25, "shall expire at the same time," should not be interpreted as intended to control the provisions of section 4884. The word "limited," as used in reference to the term of duration of a patent where the invention has been first patented in a foreign country, originated in section 6 of the patent act of 1839, where it was declared that "every such patent shall be limited to the term of 14 years from the date or publication of such foreign letters patent." In the case of *Smith* v. *Ely,* 5 McLean, 76, it was held that the patent to Morse for the electric telegraph was void under this section because having first been patented in France, the letters patent here did not upon its face limit the term of the grant to 14 years from the date or publication of the foreign patent. The court held that the patent was issued not only without authority of law, but in violation of it. This conclusion was overruled by the supreme court in *O'Reilly* v. *Morse,* 15 How. 62, where the point was distinctly made that the patent was void because it ran 14 years from the date of its issue instead of that length of time from the date of the French patent; but the court held that the only effect of the French patent was to limit the monopoly to 14 years from the date of that patent. From that time to the present the general practice of the patent-office it is understood has been to issue patents where a foreign patent has been obtained by the patentee, reciting a grant for the full term authorized by law in the case of ordinary patents without any limita-

tion upon the face of the instruments. If it had been intended in the revision of the statutes to introduce a new rule or change the construction which had been placed by the supreme court and the executive department upon the former provisions of law, plain and unequivocal language would have been employed which would have demonstrated that intention beyond a doubt.

In several cases in this circuit and other circuits similar patents have been under consideration, and been treated as valid for the term of the foreign patent, although upon their face they specified a longer term. *Weston* v. *White,* 13 Blatchf. 364; *Henry* v. *Providence Tool Co.* 3 Ban. & A. 501; *Reissner* v. *Sharp,* 16 Blatchf. 383; *De Florez* v. *Raynolds,* 17 Blatchf. 436; S. C. 8 FED. REP. 434; *Holmes Electric Co.* v. *Metropolitan Co.* 21 FED. REP. 458. The point now taken was not considered in these cases, but it could not have escaped the attention of the judges. No court would direct a decree or order a preliminary injunction upon a patent void upon its face, and the circumstance that the point was not adverted to implies that it was not thought to have any merit.

Judgment is ordered for plaintiff for $133, with interest.