MACKEY et al. v. MILLER.

(Circuit Court of Appeals, Ninth Circuit. October 12, 1903.)

No. 986.

1. RESISTING INDIAN AGENT—USE OF DEADLY WEAPON—OFFENSE—CONSTRUC-
TION OF STATUTES.
    Act. Cong. July 18, 1866 (14 Stat. 178, c. 201), entitled "An act to fur-
ther prevent smuggling and for other purposes," provides (section 6) that
any person who shall assault, resist, etc., any officer of the customs or
his deputies, or any person authorized "by this act" to make searches and
seizures, shall receive a prescribed punishment, and that if any person
shall discharge any deadly weapon at any person authorized "as afore-
said" to make searches and seizures he shall be deemed guilty of felony,
etc. This section, omitting the quoted portions, was incorporated into
Rev. St. § 5447 [U. S. Comp. St. 1901, p. 3678], being placed in a chapter
entitled "Crimes against the Operation of the Government," with a mar-
ginal note defining it as "resisting revenue officers, rescuing or destroying
seized property," etc. *Held*, that using a deadly weapon in resisting an
Indian agent who was making search for spirituous liquors on the reser-
vation did not fall within section 5447.

2. SAME—CONSTRUCTION OF STATUTES—MARGINAL NOTE.
    Marginal notes in the Revised Statutes may be referred to on ques-
tions of construction, as indicating the intention of Congress not to alter
by revision the substantial provisions of previous acts.

3. HABEAS CORPUS—VOID JUDGMENT OF CONVICTION.
    Where it appears affirmatively from the return in habeas corpus that
the relators are imprisoned under a final sentence on a state of facts
constituting no offense against the government, and which is therefore
void on its face, habeas corpus is the proper remedy to procure their
discharge.

Application for a Writ of Habeas Corpus.

Stiles & Doolittle, for appellants.

Jesse A. Frye, U. S. Atty., and Edward E. Cushman, Asst. U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellants contend that the judg-
ment of the District Court is void for the reason that the indictment

¶ 3. See Habeas Corpus, vol. 25, Cent. Dig. §§ 21, 22, 24, 27, 29.
    126 F.—11

charges no offense against any law of the United States. Section 6 of Act July 18, 1866 (14 Stat. 179, c. 201), occurs in a chapter which is entitled "An act to further prevent smuggling, and for other purposes." It is as clear as words can make it that it refers only to offenses committed against officers of the customs, their deputies, and persons assisting them in the execution of their duties, and that it has no application to an act done in resistance of an Indian agent in making searches or seizures upon an Indian reservation. It is true that section 5447 of the Revised Statutes [U. S. Comp. St. 1901, p. 3678] omits from the prior statute the words "by this act" and "authorized as aforesaid," and it is contended on the part of the appellee that by such omission it was the intention of Congress in adopting the Revision to extend the penalty therein denounced to all cases of resistance to any person authorized by a law of the United States to make searches or seizures. Unaided by the prior act, and unaffected by the marginal notes, there might be grave question whether the language of section 5447 were not susceptible of interpretation in accordance with this contention. The marginal note, however, defines the section with these words: "Resisting revenue officers, rescuing or destroying seized property," etc. It has been held in New York that the headings to the Revised Statutes of that state, which were passed as one act, formed a part of the body thereof quite as much as the section itself, and that "it was inserted for the purpose of controlling and limiting the scope and application of the general words used in the chapter." People v. Molineux, 53 Barb. 15; People v. Molyneux, 40 N. Y. 113. And the same was held by the Supreme Court of California concerning the headnotes to the chapters and titles in the practice act of that state. Barnes v. Jones, 51 Cal. 303. But, in view of the decision of the Supreme Court of the United States in Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969, holding that the heading of a revised statute is proper to be considered in interpreting the statute when ambiguity exists, it may be doubted whether the rule of New York and California obtains as to the interpretation of the Revised Statutes of the United States. But, conceding that the marginal note is not an integral part of section 5447, and aside from the question whether or not there is ambiguity in the statute, there is no doubt that it may be referred to as indicating the intention of Congress not to alter by the revision the substantial provisions of the act of July 18, 1866 (14 Stat. 178, c. 201). In Canan v. Pound Mfg. Co. (C. C.) 23 Fed. 185, 23 Blatchf. 173, it was held, in substance, that the use in a revision of language plain enough, if taken by itself, to effect a change in the law, will not be allowed to have the effect, unless the court is satisfied that Congress in fact realized that effect, contemplated it, and actively intended it. That decision was approved in Bate Refrigerating Co. v. Hammond, 129 U. S. 151, 169, 9 Sup. Ct. 225, 229, 32 L. Ed. 645. In Dominick v. Michael, 4 Sandf. 409, the court said: "For nearly half a century it has been a cardinal and controlling maxim that in the construction of a revised act a mere change in the language shall not be regarded as evidence of an intention to vary the construction, unless the change is such

as to render that intention manifest and certain." In Goodell v. Jackson, 20 Johns. 722, 11 Am. Dec. 351, Chancellor Kent declared the law to have been long since settled that "the change of phraseology in the language of a revised act shall not be deemed a change of the law as it stood before the revision, unless such phraseology evidently purported an intention in the Legislature to work a change." Such being the rule which must guide us in the interpretation of the revised statute in question, it is clear that, by adopting the marginal note limiting the scope of the statute to acts done in resistance of revenue officers, Congress affirmed its purpose not to amend or change the original legislation. The reason for the omission of the words "by this act" and "authorized as aforesaid" is found in the fact that section 5447 of the Revised Statutes [U. S. Comp. St. 1901, p. 3678] is taken from its place in the original act, which is an act to prevent smuggling and for other purposes, and is inserted as a section in a chapter which deals with "Crimes against the Operation of the Government," and there is no context to which those words would apply.

Question is made of the power of this court upon habeas corpus to discharge the appellants upon the facts set forth in the record, and it is said that the writ of habeas corpus cannot be used to perform the function of a writ of error. But the doctrine is well established that upon a writ of habeas corpus, if it appear that the court which rendered the judgment had not jurisdiction to render it, either because the proceedings under which they were taken were unconstitutional, or for any other reason, the judgment is void, and may be questioned' collaterally, and the person who is imprisoned thereunder may be discharged from custody on habeas corpus. Ex parte Nielsen, 131 U. S. 176, 182, 9 Sup. Ct. 672, 33 L. Ed. 118; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717. If it be true that the acts committed by the appellants, which are set forth in the indictment in this case, are not within the intendment of section 5447 of the Revised Statutes [U. S. Comp. St. 1901, p. 3678], they do not constitute an offense against that statute, or against any other statute of the United States. Such being the case, it appears affirmatively from the return that the appellants are held in custody under a judgment which upon its face is void.

The point was made upon the argument that the appeal should have been taken to the Supreme Court, and not to this court, and the assertion in the appellants' brief that the appellants were sentenced and imprisoned without due process of law lent color to that view, as indicating that the case involved the application of a provision of the Constitution of the United States. But there is in the record no question of due process of law. The decision of the case turns upon the question whether the appellants are imprisoned unlawfully, for the reason that the judgment is void.

The judgment of the Circuit Court will be reversed, and the appellants discharged from custody.