Ex parte ROBINSON et al.

(Circuit Court of Appeals, Ninth Circuit. March 19, 1906.)

No. 1,065.

INJUNCTION—VALIDITY—COLLATERAL ATTACK—DISOBEDIENCE—JUDGMENT—COLLATERAL ATTACK—WANT OF JURISDICTION.

Where a Circuit Court was without jurisdiction of the subject-matter of a suit, its decree and all of its proceedings therein are void, and an adjudication that a party was guilty of contempt for violating an injunction issued therein is also void, and may be collaterally attacked in a petition by such party for a writ of habeas corpus.

Original Proceeding. On petition for writ of habeas corpus.

J. W. Robinson (Milton W. Smith, James B. Reavis, and L. S. B. Sawyer, of counsel), for petitioners.

George Donworth, for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The petitioners were convicted of contempt for the violation of a decree of the Circuit Court for the District of Washington, entered on July 21, 1902, in the case of Hannah O'Calligan et al. v. O'Brien, Administrator, and Marie Carrau, 116 Fed. 934, in which decree said Marie Carrau and all persons claiming under her or representing her were perpetually enjoined from setting up any claim to the estate of John Sullivan, deceased, in any court or elsewhere, save in a court having appellate jurisdiction to review the decree. The decree was rendered in a suit brought to contest a nuncupative will and to set aside the decree of the state court probating the same. On Appeal to this court the decree of the Circuit Court was reversed for want of jurisdiction of the subject-matter of the suit. Carrau v. O'Calligan, 125 Fed. 657, 60 C. C. A. 347. An appeal was taken to the Supreme Court, and the decision of this court was affirmed in Farrell v. O'Brien, 199 U. S. 89, 25 Sup. Ct. 727, 50 L. Ed. ——. In the meantime, after the decision of this court had been rendered, but before its mandate issued to the court below, and before the decision of the Supreme Court, Marie Carrau, by her attorney, filed in the state court of the state of Washington, in which the said will had been admitted to probate, an application for allowance of costs, and a motion to dismiss a petition filed by the contestants of the will. Thereupon proceedings were had in said Circuit Court, whereby the petitioners were held guilty of contempt in violating its injunction, and were sentenced to pay a fine and to be committed to jail until the fine was paid, and until the said papers should be withdrawn from the files of said probate court. Under this sentence the petitioners were taken into custody, whereupon they presented to this court their petition for a writ of habeas corpus, which was allowed.

As against the discharge of the petitioners on the writ, it is urged that the writ cannot be resorted to for the purpose of making a collateral attack upon the final decree of a Circuit Court of the United States which had jurisdiction of the persons of the petitioners, and that

the writ cannot be used to perform the office of a writ of error or an appeal. Cases were cited which sustain the propositions that a judgment cannot be thus collaterally attacked unless it is absolutely void, and that the judgments and decrees of courts of the United States, although erroneous and subject to reversal for want of the necessary jurisdictional averments in the pleadings, are nevertheless not nullities, and until reversed are binding upon the parties. There can be no doubt of the correctness of these propositions. But the decision of this court and of the Supreme Court on the appeals in substance hold that the suit in the Circuit Court related to a subject over which the Circuit Court of the United States for the District of Washington had and could have no jurisdiction or power, and which that court could neither try nor determine, nor restrain by injunction the courts of the state from trying and determining. The case is not of the nature of those in which it has been held that a decree or judgment is not a nullity from the mere fact that the bill or declaration does not show a matter in controversy of sufficient pecuniary value to support the jurisdiction, or the requisite diversity of citizenship, or from the fact that resort has been had to equity when there was a full, adequate, and complete remedy at law; but it is a case which was entirely beyond the jurisdiction of the Circuit Court. The injunction was, therefore, not voidable, but simply void. Said the court in Elliott v. Piersol, 1 Pet. 328, 390, 7 L. Ed. 164:

"Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and, whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But, if it act without authority, its judgments and orders are regarded as nullities."

A case directly in point is In re Sawyer, 124 U. S. 200, 221, 8 Sup. Ct. 482, 31 L. Ed. 402, in which the court said:

"The Circuit Court being without jurisdiction to entertain the bill in equity for an injunction, all its proceedings in the exercise of the jurisdiction which it assumed are null and void. The restraining order in the nature of an injunction it had no power to make. The adjudication that the defendants were guilty of a contempt in disregarding that order is equally void."

See, also, Mackey v. Miller, 126 Fed. 161, 62 C. C. A. 139; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; Ex parte Nielson, 131 U. S. 176, 9 Sup. Ct. 672, 33 L. Ed. 118; Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717.

It follows from these views that the petitioners are entitled to be discharged, and it is so ordered.