## COMMONWEALTH *vs.* JAMES LOWERY.

Suffolk.    April 3, 1889. — April 6, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & KNOWLTON, JJ.

*Indictment — Breaking and Entering — Larceny — Verdict.*

On an indictment charging in the same count a breaking and entering, and a larceny, the jury may return a general verdict, or a verdict of guilty of the larceny only.

INDICTMENT in two counts, charging in the first count a breaking and entering a building, and a larceny, and in the second count a receiving of stolen goods.

In the Superior Court, before the jury was impanelled, the defendant filed a motion to quash the indictment for misjoinder of counts. *Hammond*, J., overruled the motion.

At the trial, the defendant's counsel asked the judge to rule that he could not be convicted on the indictment for larceny in a building. The judge refused so to rule, and the defendant excepted.

The jury returned a verdict of guilty against the defendant of larceny in a building on the first count, and of not guilty on the second count.

*P. J. Casey*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.

BY THE COURT. It is well settled that, upon an indictment charging in the same count a breaking and entering, and a larceny, the jury may return a general verdict, or a verdict of guilty of the larceny only. *Jennings* v. *Commonwealth*, 105 Mass. 586. The defendant does not argue his motion to quash the indictment, and we have no doubt that the ruling of the Superior Court thereon was correct.

*Exceptions overruled.*