## *In re* LINCOLN, PETITIONER.

PETITION FOR A WRIT OF HABEAS CORPUS.

No. 21, Original.   Submitted April 23, 1906.—Decided May 14, 1906.

Vhere petitioner's term of imprisonment has expired, but under the sentence he is still subject to confinement until a fine of $100 and costs has been paid, and nothing in the record shows whether such fine has been collected on execution as authorized by the sentence, but if not collected or collectible the petitioner can shortly be discharged on taking the poor debtor's oath, the case is practically a moot one, upon which the time of this court should not be spent.

Conceding the full jurisdiction of this court in *habeas corpus*, and although the writ has been granted, in view of the special circumstances therein involved, in a case similar in some respects to the one at bar, it is a question in every case whether the exercise of that jurisdiction is appropriate. The ordinary procedure for correction of errors in criminal cases by writ of error should be pursued unless special circumstances call for a departure therefrom; and so *held* in regard to a petition for *habeas corpus* of one convicted in a District Court of the United States for selling liquor to Indians in Indian country who could and should have proceeded by writ of error from the Circuit Court of Appeals.

THE petitioner was convicted in the District Court for the District of Nebraska on an indictment charging that he did "wrongfully and unlawfully introduce into Indian country, to wit, into and upon the Winnebago Indian Reservation, a reservation set apart for the exclusive use and benefit of certain tribes of the Winnebago Indians, certain spirituous, vinous, malt and other intoxicating liquors."

Upon this conviction he was sentenced to pay a fine of $100 and the costs of prosecution and to be imprisoned in the jail of Douglas County, Nebraska, for the term of sixty days and until said fine and costs were paid. The imprisonment commenced on February 19, 1906. Without pursuing his remedy by writ of error the petitioner on April 2, 1906, filed in this court his application for a writ of *habeas corpus*, alleging that the United States has no police power or jurisdiction over the Winnebago Reservation, and that the law under which the

indictment was drawn is unconstitutional and void in so far as it applies to the said Winnebago Reservation, and that the United States District Court was wholly without jurisdiction in the premises. The indictment was found under the act of Congress of January 30, 1897. 29 Stat. 506. April 30, 1906, the case was submitted on petition, return and a stipulation of facts.

*Mr. Thomas L. Sloan* and *Mr. Williamson S. Summers* for petitioner.

*The Solicitor General* for respondent.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

The sixty days named as the term of imprisonment had expired before the case was submitted, and indeed had almost expired before the application was made for the writ. There is nothing to show whether the fine and costs have been collected upon execution, as the sentence authorizes. If not so collected and if they cannot be collected, then, though possibly still in jail, he can shortly be discharged on taking the poor debtor's oath. Rev. Stat. § 1042. This section authorizes a discharge after a confinement of thirty days on account of the non-payment of fine and costs. So that within ninety days from February 19, the time the sentence took effect, the petitioner can secure his discharge either by paying the fine and costs or by taking the poor debtor's oath, as above stated.

In *Ex parte Baez,* 177 U. S. 378, which was an application for a writ of *habeas corpus,* it appeared that before a return to the writ could be made, or other action taken, the restraint of which the petitioner complained would terminate, and it was held that the application for the writ should be denied. Indeed the case at bar in principle is not unlike *Mills* v. *Green,* 159 U. S. 651; *New Orleans Flour Inspectors* v. *Glover,* 160 U. S. 170; *Kimball* v. *Kimball,* 174 U. S. 158, and *Jones* v. *Montague,*

194 U. S. 147, in each of which intermediate the ruling below and the time for decision here events had happened which prevented the granting of the relief sought, and the appeals or writs of error were dismissed on the ground that this court did not spend its time in deciding a moot case.

While the full jurisdiction of this court in *habeas corpus* may be conceded, there is in every case a question whether the exercise of such jurisdiction is appropriate. In *Ex parte Royall*, 117 U. S. 241, Royall, who was held under state process for trial on an indictment charging an offense against the laws of ·the State, filed his petition in *habeas corpus* in the Circuit Court of the United States praying release from that custody. The Circuit Court refused to order his discharge, and from its ruling he appealed, and at the same time filed an original petition in this court. *Ex parte Royall*, 117 U. S. 254. The question was fully considered and it was held that while the Federal courts, Circuit and Supreme, had jurisdiction in the premises, there was a discretion whether in any case a writ should be issued, Mr. Justice Harlan speaking for the court, saying (p. 251):

"That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the States, and in recognition of the fact that the public good requires that those relations be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution. When the petitioner is in custody by state authority for an act done ·or omitted to be done in pursuance of a law ·of the United States, or of an order, process, or decree of a court or judge thereof; or where, being a subject or citizen of a foreign State, and domiciled therein, he is in custody, under like authority, for an act done or omitted under any alleged right, title, authority, privilege, protection, ·or exemption claimed under the commission, or order, or sanction of any foreign State, ·or under color thereof, the validity and effect whereof depend upon the law of nations; in such and like cases of urgency, involving the authority and operations of the Gen-

eral Government, or the obligations of this country to, or its relations with, foreign nations, the courts of the United States have frequently interposed by writs of *habeas corpus* and discharged prisoners who were held in custody under state authority."

And again, after commenting on the relations of state and national courts (p. 252):

"That these salutary principles may have full operation, and in harmony with what we suppose was the intention of Congress in the enactments in question, this court holds that where a person is in custody, under process from a state court of original jurisdiction, for an alleged offense against the laws of such State, and it is claimed that he is restrained of his liberty in violation of the Constitution of the United States, the Circuit Court has a discretion whether it will discharge him, upon *habeas corpus*, in advance of his trial in the court in which he is indicted; that discretion, however, to be subordinated to any special circumstances requiring immediate action. When the state court shall have finally acted upon the case, the Circuit Court has still a discretion whether, under all the circumstances then existing, the accused, if convicted, shall be put to his writ of error from the highest court of the State, or whether it will proceed, by writ of *habeas corpus*, summarily to determine whether the petitioner is restrained of his liberty in violation of the Constitution of the United States."

The propositions thus laid down have been upheld by repeated decisions of this court. *Ex parte Fonda,* 117 U. S. 516; *In re Duncan,* 139 U. S. 449; *In re Wood,* 140 U. S. 278; *Cook* v. *Hart,* 146 U. S. 183; *In re Frederich, Petitioner,* 149 U. S. 70; *New York* v. *Eno,* 155 U. S. 89; *Pepke* v. *Cronan,* 155 U. S. 100; *Andrews* v. *Swartz,* 156 U. S. 272; *Whitten* v. *Tomlinson,* 160 U. S. 231; *Kohl* v. *Lehlback,* 160 U. S. 293; *Iasigi* v. *Van De Carr,* 166 U. S. 391; *In re Eckart, Petitioner,* 166 U. S. 481; *Baker* v. *Grice,* 169 U. S. 284; *Tinsley* v. *Anderson,* 171 U. S. 101, 104; *Fitts* v. *McGhee,* 172 U. S. 516; *Markuson* v. *Boucher,* 175 U. S. 184; *Davis* v. *Burke,* 179 U. S. 399; *Gusman* v. *Mar-*

*rero,* 180 U. S. 81; *Minnesota* v. *Brundage,* 180 U. S. 499; *Storti* v. *Massachusetts,* 183 U. S. 138.

In *In re Loney,* 134 U. S. 372; *In re Neagle,* 135 U. S. 1; *Ohio* v. *Thomas,* 173 U. S. 276, and *Boske* v. *Comingore,* 177 U. S. 459, writs of *habeas corpus* were sustained, but in each of these cases the act charged against the petitioner was one for which he was amenable alone to the laws of the United States, or he was exercising some authority under those laws, and so they all come within the exceptions noted in *Ex parte Royall, supra.*

While the same reasons do not apply when the petitioner is in custody by virtue of the process of a Federal court, yet a writ of *habeas corpus* is not to be made use of as a writ of error (*Crossley* v. *California,* 168 U. S. 640; *Whitney, Warden, &c.,* v. *Dick, ante,* p. 132), the ordinary procedure for the correction of errors in criminal cases is by writ of error, and that method should be pursued unless there be special circumstances calling for a departure therefrom. *Ex parte Mirzan,* 119 U. S. 584; *In re Huntington,* 137 U. S. 63; *In re Lancaster,* 137 U. S. 393; *In re Chapman,* 156 U. S. 211; *Riggins* v. *United States,* 199 U. S. 547. Several of these cases, it is true, were applications for *habeas corpus* prior to final decisions in the lower courts, and the refusal of the writs was based partly, at least, upon the proposition that the orderly administration of justice would be better subserved by declining to exercise our jurisdiction until the conclusion of the proceedings below. In *Ex parte Mirzan,* however, this court declined to issue a writ of *habeas corpus* after a conviction, holding that it might be issued by the proper Circuit Court, and that application should be made to that court except in cases where there were some special circumstances making immediate action by this court necessary or expedient. In the case at bar if there was any error in the proceedings of the trial court it could have been corrected by writ of error from the Court of Appeals, and no reason is given why that remedy should not have been pursued, except the request of the district judge who decided the,

case.   Reference is made to a decision of the Court of Appeals of the Eighth Circuit, *In re Boyd*, 49 Fed. Rep. 48, but that only announced the doctrine of some of the cases cited above, that ordinarily prior to final judgment a writ of *habeas corpus* ought not to be issued.

It is true that we issued a writ of *habeas corpus* in a case in some respects like the present, *Matter of Heff*, 197 U. S. 488, and it is relied upon by petitioner as authority for this application, but it was shown in that case that there was a direct conflict between the state and local Federal courts in the precise point of law involved, each asserting jurisdiction over the same offense; that the Court of Appeals had already decided the question adversely to the contention of petitioner, so that a writ of error from that court would have accomplished nothing; and further, that the matter involved opened up inquiry into questions of great significance affecting the respective jurisdictions of the Nation and the States over large numbers of Indians.   There were special reasons, therefore, for our issuing a writ of *habeas corpus* and investigating the matter in that case.   But it does not follow from the action then taken that it is necessary or proper for this court to issue a *habeas corpus* in every case involving the question of the legality of a sale of liquor to Indians or the bringing of liquor into the Indian country.   It is enough that the cases be disposed of in the orderly and customary mode of procedure.   It may be assumed that the trial courts will follow the rulings of this court, and if there be in any case a departure therefrom the proper appellate court will correct the error.   To permit every petty criminal case to be brought directly to this court upon *habeas corpus*, on the ground of an alleged misconception or disregard of our decisions, would be a grievous misuse of our time, which should be devoted to a consideration of the more important legal and constitutional questions which are constantly arising and calling for our determination.

For these reasons

·  *The petition for a writ of habeas corpus is denied.*