HALLIGAN, Warden, v. WAYNE.

Ex parte WAYNE.

(Circuit Court of Appeals, Ninth Circuit. May 9, 1910.)

No. 1,785.

CRIMINAL LAW (§ 984*)—SENTENCE ON CONVICTION ON DIFFERENT COUNTS—INDICTMENT CHARGING BURGLARY AND LARCENY.

One accused of burglary with intent to commit larceny may in a second count of the same indictment be charged with the larceny, and on such an indictment may be convicted and punished for either offense, but not for both; and where there is a general verdict of guilty he may be sentenced for the burglary only.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2504–2508; Dec. Dig. § 984.*]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

Petition by Frank Wayne against O. P. Halligan, Warden of the United States Penitentiary on McNeil's Island, Wash., for a writ of habeas corpus. From an order allowing the writ, defendant appeals. Affirmed.

The appellee was indicted in the District Court of the United States for the District of Oregon under five counts. The first count charged burglary, in that he broke into and entered a United States post office with intent to commit larceny therein, by stealing and taking away postage stamps and moneys of the United States; the second count charged him with the larceny of postage stamps of the value of $22, committed on the same date and in the same post office; the third count charged him with the larceny of $3 on the same date from the same post office; the fourth charged him with receiving, concealing, and retaining in his possession, with intent to convert to his own use, the postage stamps, of the value of $22, which he had already feloniously taken from the said post office; and the fifth count contained a

like charge of receiving, concealing, and retaining in his possession, with intent to convert to his own use, the said sum of $3 alleged to have been stolen from the post office. Upon his plea of guilty to the indictment, he was sentenced to be imprisoned for the term of three years for the offense charged in the first count, for a further term of two years for the offense charged in the second count, for the term of two years for the offense charged in the third count, for the term of one year for the offense charged in the fourth count, and for the term of one year for that which was charged in the fifth count. After having served the three-year sentence imposed under the first count, the appellee filed his petition in the District Court of the United States for the Western District of Washington, in which district he was confined, praying for a writ of habeas corpus, and for his discharge from the imprisonment. Upon the hearing on an order to show cause, the writ was allowed, and the appellee was discharged. The appeal raises the question whether the appellee could lawfully be sentenced separately for the burglary and the larceny charged in the indictment.

Elmer E. Todd, U. S. Atty., for appellant.

R. L. Blewett and D. V. Halverstadt, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). It is well settled, except in jurisdictions where it is otherwise provided by statute, that one accused of burglary with intent to commit larceny may, in a second count, be charged with the larceny. It is also well settled that upon such an indictment the accused may be convicted of either of the offenses charged. But the question which the case now before us presents is whether one thus accused of burglary and larceny may be convicted and punished for both offenses. Upon this proposition there is conflict of authority. In Ex parte Peters (C. C.) 12 Fed. 461, it was said:

"According to the great weight of authority, it may be regarded as settled that a person who breaks and enters a house with intent to steal therefrom, and actually steals, may be punished under separate indictments for two offenses or one, at the election of the power prosecuting him."

And the court cited Josslyn v. Commonwealth, 6 Metc. (Mass.) 236, State v. Ridley, 48 Iowa, 370, Breese v. State, 12 Ohio St. 146, 80 Am. Dec. 340, and Wilson v. State, 24 Conn. 57.

On examining those cases it will be found that none but the last fully sustains the doctrine so announced. In Josslyn v. Commonwealth, Chief Justice Shaw said that, where burglary and larceny "are averred in distinct counts as distinct substantive offenses not alleged to have been committed at the same time, and as one continued act, * * * the defendant may be convicted on both, and a judgment rendered founded on both." The inference from this language is that, if the offenses were alleged to have been committed at the same time, but one crime would be charged, and but one penalty could be imposed. That this is so is made clear by the opinion of the same judge in Kite v. Commonwealth, 11 Metc. (Mass.) 581, where he said:

"If the larceny charged in the second count appears, in proof, to have been committed at the time of the breaking and entering, then it is merged, and the conviction is properly for burglary, and the sentence must be accordingly. But if a breaking and entering with intent to steal be proved, and a different larceny done at a different time be also proved, then the sentence may properly be awarded as for both offenses."

State v. Ridley is authority only for the proposition that under an indictment charging three offenses, as burglary, larceny in a store in the nighttime, and simple larceny, a verdict of guilty might be found upon any one of the crimes so charged. In Breese v. State, it was held that a count charging burglary might be united in an indictment with a count charging larceny, and that on a general verdict of guilty on such a count the accused might be sentenced for the burglary, but not for the larceny, and that upon a verdict of guilty of the burglary as charged the court might legally proceed to sentence for that crime, without waiting a response to the charge of larceny.

In line with the doctrine of Ex parte Peters, however, are Speers v. Commonwealth, 17 Grat. (Va.) 570, Wilson v. State, 24 Conn. 57, State v. Warner, 14 Ind. 572; and Dodd v. State, 33 Ark. 517. In Bishop's New Criminal Law, § 1062, the doctrine of the decisions last cited is declared to be in accordance with the weight of authority; but the author adds, adopting the language of the dissenting opinion of Waite, C. J., in Wilson v. State:

"Still to make a burglary thus double, and punish it twice, first as burglary and secondly as larceny, hardly accords with the humane policy of our law, and we have cases which refuse this double punishment. They proceed on the highly reasonable ground that where a criminal act has been committed, every part of which may be alleged in a single count in an indictment and proved under it, the act cannot be split into several distinct crimes, and a several indictment sustained upon each."

In 3 Enc. of Pl. & Pr. 785, it is said:

"But the verdict and the conviction in such a case cannot be for both the burglary and the larceny, though they may be for either offense singly. When both offenses are united in one indictment, it is permissible to convict for either offense without the other."

On page 791 the same authority says:

"But there cannot be a conviction for both offenses. There may, however, under such an indictment, be found a general verdict of guilty; but on this verdict there can be but one sentence, that for the burglary alone, and not for both burglary and larceny."

These views are, we think, sustained by the weight of reason and authority. State v. McClung, 35 W. Va. 280, 13 S. E. 654; Yarborough v. State, 86 Ga. 396, 12 S. E. 650; Commonwealth v. Birdsall, 69 Pa. 482, 8 Am. Rep. 283; Roberts v. State, 55 Miss. 421; Triplett v. Commonwealth, 84 Ky. 193, 1 S. W. 84, 8 Ky. Law Rep. 67; Lyons v. People, 68 Ill. 271; Jennings v. Commonwealth, 105 Mass. 586; Commonwealth v. Lowery, 149 Mass. 67, 20 N. E. 697; State v. Nicholls, 37 La. Ann. 779; Breese v. State, 12 Ohio St. 146, 80 Am. Dec. 340.

The judgment is affirmed.