Circuit Court of Appeals, Ninth Circuit.

Sept. 16, 1942.

## POWER v. SQUIER, Warden.
### No. 10150.

Circuit Court of Appeals, Ninth Circuit.

Sept. 21, 1942.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

Rex G. Power, in pro. per., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., Oliver Malm, Asst. U. S. Atty., of Olympia, Wash., and Harry Sager, Asst. U. S. Atty., of Sumner, Wash., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appellant's attempt to free himself from the penitentiary in which he is confined was unsuccessful in the court below, and he renews his attempt by this appeal.

His petition for a writ of habeas corpus with the answer thereto disclose the following undisputed facts: On September 22, 1937, appellant was indicted in a first count charging that he did, unlawfully, "make and cause and procure to be made, and willingly aid and assist in making three sets of plaster of paris molds * * * for the making and counterfeiting of Fifty Cent (50¢) coins". A second count in the indictment charged that appellant did,

unlawfully, have in his "possession three sets of plaster of paris molds * * * for the making and counterfeiting of Fifty Cent (50¢) coins". The proceeding was terminated by a judgment which sentenced appellant to imprisonment on the first count, and which placed him on probation on the second count. After serving his sentence on the first count, appellant was released. Subsequently, his probation on the second count was revoked and he was sentenced to a term of imprisonment on the second count which he was serving when he filed the petition before us.

The indictment charges violations of 18 U.S.C.A. § 283, which provides in part: "Whoever * * * shall make, or cause or procure to be made * * * any * * * mold * * * of * * * plaster * * * in likeness or similitude, as to the design or the inscription thereon, of any * * * mold designated for the coining or making of any of the genuine * * * silver * * * coins of the United States * * *; or whoever * * * shall have in his possession any such * * * mold * * * shall be fined not more than $5,000 and imprisoned not more than ten years". Appellant contends that the two counts of the indictment charge but a single offense because the statute, properly construed, does not make "possession" of a mold an offense distinct from "manufacture" of such mold, and because the making or manufacturing of the counterfeit molds would necessarily include their possession.

These contentions cannot be upheld. Under the statute, the manufacture of the mold is one offense, and the possession of such mold is another. Kaye v. United States, 7 Cir., 177 F. 147. Compare: Matthews v. Swope, 9 Cir., 111 F.2d 697; Albrecht v. United States, 273 U.S. 1, 47 S. Ct. 250, 71 L.Ed. 505; Remaley v. Swope, 9 Cir., 100 F.2d 31. There is no contrary authority on the point. Since the statute describes two separate offenses, since the indictment charged both, and since appellant plead guilty to both, it was entirely proper for the court to sentence him on each count.

Affirmed.