**UNITED STATES v. DOSS.**
Civ. A. No. 9320.

District Court, W. D. Louisiana, Lake Charles Division.
June 20, 1946.

244

Malcolm E. Lafargue, U. S. Atty., and John H. Overton, Jr., Asst. U. S. Atty., both of Shreveport, La., for plaintiff.

Dan Doss, in pro. per.

PORTERIE, District Judge.

On this motion by defendant to vacate and set aside the judgment and sentence, we are adopting as our opinion practically verbatim the brief of the district attorney.

Defendant was indicted on June 5, 1939, the indictment containing five counts, the first of which charged that he did "forcibly break into and attempt to break into, the Post Office of the United States at Starks, Louisiana, with intent then and there to commit in such Post Office larceny of property contained therein". The remaining four counts of the indictment charged that the defendant did steal and carry away from said post office money, stamps, Treasury checks and money orders, each of these items being the basis of one count. Defendant subsequently pleaded guilty and was sentenced to serve five years in the United States Penitentiary at Atlanta, Georgia, on the first count, and on the remaining counts of the indictment imposition of sentence was suspended and defendant was ordered placed on active probation for a period of five years after the expiration of the sentence on count one.

Defendant sets forth in his motion to vacate and set aside the judgment of sentence that the entire transaction involved in the crime constituted a single offense and that the court was without jurisdiction to place him on probation after imposing a sentence of five years in the penitentiary. He has cited in his motion certain authorities, most of which are State rather than Federal cases, and has given as authorities certain Circuit Court of Appeal cases which upheld his position. The decision in the case of Halligan v. Wayne, 9 Cir., 179 F. 112, 102 C.C.A. 410, supports the position of defendant in holding that one who breaks and enters a post office with the intent to commit larceny, and then commits the larceny at the same time as a part of the same transaction commits only one offense.

Subsequent to the rendition of the decision in the Halligan case, the United States Supreme Court decided the identical question in Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 713, 59 L.Ed. 1153. In that case the defendant pleaded guilty to an indictment containing two counts. The first count charged that he unlawfully and forcibly broke into and entered a post office of the United States with the intent to commit larceny, and the second count charged him with stealing certain property and monies of the United States then and there in use by and belonging to the Post Office Department of the United States. The defendant was given sentences to run consecutively aggregating more than the maximum penalty on one count. Having served the larger part of the sentence under the first count, application was made for habeas corpus and the lower court entered an order discharging the defendant from imprisonment at the expiration of the term under the first count. The Supreme Court in reversing the decision said as follows:

"Whether, under these sections of the statute, two offenses in the same transaction may be committed and separately

charged and punished, has been the subject of consideration in the Federal courts, and the cases in those courts are in direct conflict. In Halligan v. Wayne, 9 Cir., 179 F. 112, and Munson v. McClaughry [8 Cir., 198 F. 72, 42 L.R.A.,N.S., 302], it was held that upon conviction on an indictment containing two counts, one charging burglary with intent to commit larceny, and the other larceny, upon a general verdict of guilty, there can be but a single sentence, and that for the burglary only; and that after the defendant has served a sentence for that offense he is entitled to release on habeas corpus. The rule has been held to be otherwise in Ex parte Peters, C.C., W.D.Mo., 12 F. 461, and in Anderson v. Moyer, D.C.,N.D.Ga., 193 F. 499.

"We think it is manifest that Congress, in the enactment of these sections, intended to describe separate and distinct offenses, for in § 190 [18 U.S.C.A. § 313] it is made an offense to steal any mail bag or other property belonging to the Postoffice Department, irrespective of whether it was necessary, in order to reach the property, to forcibly break and enter into a postoffice building. The offense denounced by that section is complete when the property is stolen, if it belonged to the Postoffice Department, however the larceny be attempted. Section 192 [18 U.S.C.A. § 315] makes it an offense to forcibly break into or attempt to break into a postoffice, with intent to commit in such postoffice a larceny or other depredation. This offense is complete when the postoffice is forcibly broken into, with intent to steal or commit other depredation. It describes an offense distinct and apart from the larceny or embezzlement which is defined and made punishable under § 190. If the forcible entry into the postoffice has been accomplished with the intent to commit the offenses as described, or any one of them, the crime is complete, although the intent to steal or commit depredation in the postoffice building may have been frustrated or abandoned without accomplishment. And so, under § 190, if the property is in fact stolen, it is immaterial how the postoffice was entered, whether by force or as a matter of right, or whether the building was entered into at all. It being within the competency of Congress to say what shall be offenses against the law, we think the purpose was manifest in these sections to create two offenses. Notwithstanding there is a difference in the adjudicated cases upon this subject, we think the better doctrine recognizes that, although the transaction may be in a sense continuous, the offenses are separate, and each complete in itself."

The decision in the Morgan case put at rest all previous conflict in the jurisprudence regarding joinder of these two offenses. The decision in the case has never been questioned but has consistently been followed down to the present time. The defendant, Doss, has been unable to cite any case upholding his contention in which the decision was rendered subsequent to that in the case of Morgan v. Devine.

■■■■ It is a general rule of Federal law well established by the jurisprudence of the United States Courts that if two statutes have been violated in one transaction or if two prohibited acts contained in the same section of a statute occur in the commission of an offense that separate counts may be charged for each offense set forth in such statute or statutes. Thus for example, a defendant pleading guilty under indictments for sale, distribution and possession of opium, was properly sentenced on each count. Solomon v. United States, 58 App.D.C. 182, 26 F.2d 554.

To the same effect see Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Kerr v. Johnston, 9 Cir., 130 F.2d 637; Montrose Lumber Co. v. United States, 10 Cir., 124 F.2d 573.

Under 18 U.S.C.A. § 283 punishing the making of a mold of United States coins and the possession of any such mold, it was held that the manufacture was one offense and the possession another and that sentence on each count was proper. Power v. Squier, 9 Cir., 130 F.2d 868; In the case of Weber v. Squier, 9 Cir., 124 F.2d 618 certiorari denied 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209, it was held that the court could sentence defendant to a penitentiary upon one count and suspend sentence under a period of probation upon another count of the same indictment.

Cases involving separate offenses committed in a single transaction have been very common in such matters as conspiring to commit an offense and the commission of the substantive offense (Ellerbrake v. United States, 7 Cir., 134 F.2d 683) and in violation of the liquor laws such as in manufacturing, possessing, and selling liquor. Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505.

 With regard to the indictment upon which defendant herein was sentenced, it is not necessary to consider the question as to whether counts two, three, four and five constituted the identical offense prohibited by the statute, because of the fact that the court decreed probation on all of said counts together, and any one of them could have sustained a conviction. A combined or general sentence imposed upon conviction of multiple counts is good if not exceeding the maximum which might be imposed on the counts that can support a conviction. Rich v. United States, 1 Cir., 62 F.2d 638; McKee v. Johnston, 9 Cir., 109 F.2d 273.

Defendant, Doss, sets forth in his motion that only one section of the Criminal Code was violated, to-wit: Section 315 of Title 18 U.S.C.A. Although there is a notation at the foot of the indictment to the effect that the offense committed was a violation of Section 315, such recitation is not a necessary part of the indictment itself, and it is immaterial whether it covers completely the offense as set forth. Counts two, three, four and five of the indictment charge a violation of Section 313 of Title 18 U.S.C.A., which makes it a felony to steal, purloin or embezzle any mail bag or other property in use by or belonging to the Post Office Department.

If the acts charged in the indictment constitute an offense under any statute or statutes of the United States the omission of a reference to the statute violated or a misreference thereto whether in the caption of the indictment or in the body thereof does not render the indictment invalid. Biskind v. United States, 6 Cir., 281 F. 47, 28 A.L.R. 1377; Vedin v. United States, 9 Cir., 257 F. 550. The inclusion in the indictment or notation thereon of a particular public statute is merely a matter of course for the purpose of convenience and reference.

It was held in the case of Capone v. United States, 51 F.2d 609, 76 A.L.R. 1534, that indictment sufficiently stating an offense under one statute although drawn to state an offense under another statute was good against a demurrer. So long as the indictment charges an offense it is immaterial what statute the drawer had in mind. United States v. Austin-Bagley Corporation, D.C., 24 F.2d 527. To the same effect see Catlette v. United States, 4 Cir., 132 F.2d 902; Knight v. Hudspeth, 10 Cir., 112 F.2d 137; Buckner v. Hudspeth, 10 Cir., 105 F.2d 393.

Accordingly, we shall sign judgment dismissing defendant's motion.